LAKE SHORE RIDING ACADEMY, INC., Plaintiff-Appellant, *v.* RICHARD J. DALEY, Mayor, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 61406

Opinion filed May 20, 1976.

Frank M. Greenfield, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:
Plaintiff, Lake Shore Riding Academy, Inc., brought action against defendants Richard J. Daley as mayor, Marshall Korshak as city collector, and City of Chicago, a municipal corporation, to enjoin enforcement against plaintiff of the provisions of an ordinance which prohibits the operation of a livery stable within 400 feet of a school and a church. The trial court denied plaintiff's motion for summary judgment and granted defendants' countermotion for summary judgment. Plaintiff has appealed and contends that the court erred in that defendants were barred from enforcing the ordinance under the doctrine of equitable estoppel. We affirm.

Plaintiff has operated a riding stable at 1410 North Orleans Street in Chicago since 1971. It was granted a license to operate a livery stable at that location in 1971, which license was renewed for 1972. On September 7, 1973, plaintiff was notified by letter that its operating license would not be renewed for 1973 because its stable was located within 400 feet of the George Manierre School and the Immaculate Conception Church in violation of chapter 102, section 102—7 of the Municipal Code of Chicago. The pertinent provisions of the ordinance prohibit the operation of a livery stable within 400 feet of any school, church, hospital, public park or public playground. The locations of the stable, school and church, as well as the ordinances herein, remained unchanged since 1971. Subsequent to the denial of a license renewal plaintiff filed an amended complaint seeking in the first count a declaratory judgment that the aforesaid section 102—7 was void, and in the second, injunctive relief against enforcement of the ordinance on the basis of equitable estoppel.

Plaintiff moved in the trial court for summary judgment on the second count of the amended complaint which alleged that defendants had made a thorough investigation of plaintiff's original license application; that through periodic inspections defendants had full knowledge of the nature and location of plaintiff's business; and that in reliance upon defendants' representations and positive acts concerning the legality of its operations evidenced by the issuance and renewal of its license, plaintiff had entered into a $120,000 lease and had made investments in its business of $30,000. Plaintiff filed an affidavit of its president and founder in support of its motion for summary judgment.

Defendants filed an answer and a counteraffidavit. In the answer they denied that a thorough investigation had been conducted into plaintiff's original license application or that any representations had been made by them concerning the legality of plaintiff's operations as a livery stable. Defendants did admit, however, that through inspections they had acquired knowledge of the nature and location of plaintiff's business. In the counteraffidavit defendants alleged that plaintiff also had failed to

comply with chapter 194A, sections 9.4—1, 11.10—2, and 11.10—3 of the Chicago Zoning Ordinance requiring an application for and the granting of a zoning variance as a special use for the operation of riding academies and horse stables.

At defendants' request their answer and counteraffidavit were considered a countermotion for summary judgment. Thereafter, the trial court denied plaintiff's motion for summary judgment on the second count of the amended complaint, but granted summary judgment for defendants as to plaintiff's entire amended complaint. Plaintiff thereupon appealed.

■■ The parties agree that no genuine issue of fact was presented by the pleadings and affidavits, and that the issues of law were properly considered in summary fashion under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57). Plaintiff urges, however, that the trial court erred in failing to hold as a matter of law that defendants were barred from enforcing chapter 102, section 102—7 of the Municipal Code of Chicago under the doctrine of equitable estoppel. We conclude that the holding was correct and that as a matter of law plaintiff was not entitled to invoke equitable relief against defendants. As stated in *Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 160-61, 171 N.E.2d 605:

> "The general rule is that a city cannot be estopped by an act of its agent beyond the authority conferred upon him. (*Rippinger v. Niederst*, 317 Ill. 264; *Burton Co. v. City of Chicago*, 236 Ill. 383; *Hibbard, Spencer, Bartlett & Co. v. City of Chicago*, 173 Ill. 91.) It has been stated that anyone dealing with a governmental body takes the risk of having accurately ascertained that he who purports to act for it stays within the bounds of his authority, and that this is so even though the agent himself may have been unaware of the limitations on his authority. (*Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 92 L. ed. 10, 15.) In matters involving strictly public rights the courts do not interpose to hold the municipality estopped except under special circumstances which would make it highly inequitable or oppressive to enforce such public rights. *Melin v. Community Consolidated School Dist.* 312 Ill. 376.

> The general rule is qualified, however, to enable a party to invoke the doctrine where his action was induced by the conduct of municipal officers, and where in the absence of such relief he would suffer a substantial loss and the municipality would be permitted to stultify itself by retracting what its agents had done. (*City of El Paso v. Hoagland*, 224 Ill. 263; *Hurt v. Hejhal*, 259 Ill. App. 221.)"

Thus, the two essential elements which are a prerequisite to invoking

equitable estoppel against a municipality are (1) that there occurred an affirmative act on the part of the muncipality and (2) that such affirmative act induced substantial reliance thereon by the litigant. (*Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 331 N.E.2d 380; *Ganley v. City of Chicago* (1974), 18 Ill. App. 3d 248, 309 N.E.2d 653.) Moreover, the affirmative act which induces that reliance must be the act of the municipality itself, such as legislation by a city council, rather than merely the unauthorized act of a ministerial officer or a ministerial misinterpretation. *People ex rel. American National Bank & Trust Co. v. Smith* (1969), 110 Ill. App. 2d 354, 249 N.E.2d 232.

The instant case is analogous to *People ex rel. Satas v. City of Chicago* (1972), 5 Ill. App. 3d 109, 282 N.E.2d 739. There, the plaintiff's application for a laundromat license required the approval of the defendant's zoning department. An employee of that department mistakenly approved plaintiff's application as conforming to the applicable zoning ordinance. The plaintiff subsequently undertook substantial financial investments to begin operations, only to be informed later that his laundromat's location was in violation of the zoning ordinance. The plaintiff brought suit and the trial court issued a writ of mandamus to compel the issuance of an operating license. On appeal, the judgment was reversed. The court held that mandamus did not lie and further, that the plaintiff could not raise the doctrine of equitable estoppel. Observing that the act of the zoning department employee in approving a license contrary to the zoning ordinance was clearly beyond the scope of his authority, the court stated that his act could not be interpreted as a positive act of the city itself which induced the plaintiff's reliance.

■■ Likewise, in the instant case, the issuance of an operating license to the plaintiff was directly contrary to the provisions of chapter 102, section 102—7 of the Municipal Code of Chicago. The actions of the officers responsible for the issuance and renewal of plaintiff's license were unauthorized under that ordinance and beyond the scope of their authority. As in *Satas*, the unauthorized acts here of ministerial officers cannot be deemed the positive acts of the municipality itself and therefore, cannot afford a basis for binding the municipality to those acts under the doctrine of equitable estoppel. Furthermore, a contrary result would render the municipality helpless to correct errors and would force such municipality to permit a violation to remain in perpetuity.

For the foregoing reasons, the order of the circuit court of Cook County granting summary judgment in favor of defendants and against plaintiff is affirmed.

Affirmed.

DEMPSEY and McGLOON, JJ., concur.