AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF ARLINGTON HEIGHTS *et al.*, Defendants-Appellees.

First District (4th Division)   No. 82—416

Opinion filed June 2, 1983.

Robert A. Roth and Philip S. Wolin, both of Wolin & Rosen, P.C., of Chicago, for appellants.

Jack M. Siegel, of Chicago, for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

This action requires judicial interpretation of a zoning ordinance enacted by the defendant, Village of Arlington Heights (the Village). Section 1 of the ordinance provides for the reclassification of the property from a single-family (R—1) zoning classification to a general business district (B—2) classification and further provides that this change be indicated upon the zoning district map. Section 2 approves a 110,000 square foot planned development. Section 3 provides that the planned development shall be constructed in substantial compliance with plans already prepared by a certain architectural firm. Section 4 gives a detailed description of the nature of the planned development and provides that the development shall be subject to several conditions, among them condition No. 10, which states: "That the construction and development shall commence no later than one (1) year after the date of this ordinance and be completed within five years of the date hereof." The one-year time period had expired when the plaintiff, a successor to the original promoter of the planned development project, abandoned the planned development and sought a building permit for another commercial use which would require that the property be zoned generally as B—2. The Village denied the permit, contending that because the time requirement was not met, the property consequently reverted to its previous R—1 zoning classification. The plaintiff subsequently filed a petition before the Arlington Heights Planning Commission to rezone the property from R—1 to B—2. The petition was denied.

The plaintiff filed a complaint for declaratory judgment, injunctive relief and a writ of *mandamus* in the circuit court. Count I of the complaint sought a declaratory judgment that the zoning reclassification section of the ordinance continued to operate in full force and effect and that therefore, the property maintained a B—2 zoning classification. Count II sought a declaratory judgment that the Village was estopped from asserting that the property fell under any other than a B—2 classification because certain affirmative actions were taken by the Village which induced the justifiable reliance of the plaintiffs upon the B—2 classification. Count III sought a writ of *mandamus* compelling the Village to issue the necessary building permits. The circuit court dismissed all three counts of the plaintiffs' complaint for failure to state a cause of action On appeal, the plaintiffs raise the same three issues and ask this court to remand their case to the trial court for further proceedings.

■ The first issue advanced by the plaintiffs is whether the zoning reclassification section of the ordinance continues to operate in full force and effect. Specifically, the plaintiffs argue that section 1 of the ordinance is not subject to any conditions and most importantly, is not subject to condition No. 10 of section 4, which provides that construction must commence within one year of the date of the ordinance. The plaintiffs admit that they did not comply with the one-year requirement or with the developmental specifications but argue that this is irrelevant because section 1 is severable from the rest of the ordinance. The plaintiffs essentially contend that the designation of the property as a B—2 district in section 1 operates independently of the other sections of the ordinance and that therefore the property remains under a B—2 classification even if the conditions set forth in the other sections fail.

The rules that govern the construction of statutes also apply to the construction of ordinances. (*City of East St. Louis v. Union Electric Co.* (1967), 37 Ill. 2d 537, 229 N.E.2d 522.) A statute or ordinance must be construed "to give it efficient operation and effect as a whole." (*S. Bloom, Inc. v. Korshak* (1972), 52 Ill. 2d 56, 65, 284 N.E.2d 257, 263.) "The legislative intent must be gathered from the entire act rather than from one clause, sentence or section thereof, and courts may not confine their attention to the one part or section to be construed." (*Illinois Bell Telephone Co. v. Ames* (1936), 364 Ill. 362, 365-66, 4 N.E.2d 494, 496.) If we examine the ordinance as a whole in the instant case, there is nothing to indicate that the rezoning classification section is severable from the other sections of the ordinance. The conclusion that the plaintiffs ask us to reach would require that we consider an isolated section out of the context of the entire ordinance. This we cannot do. Where this single ordinance is considered in its entirety, we believe that the rezoning provision was necessarily conditioned upon certain developmental specifications and time limitations.

The plaintiffs raise four arguments which they contend support their conclusion that section 1 is severable from the rest of the ordinance. We fail to find these arguments convincing for the reasons set out below. First, the plaintiffs contend that the rezoning classification section is not referred to in any other section of the ordinance and that it therefore is merely a general rezoning provision. However, this argument ignores the rule of construction set forth above that requires us consider an ordinance as a homogenous whole rather than as the sum of a number of isolated sections. The mere fact that other sections of the ordinance do not specifically refer to section 1 does not

in any way serve to divorce section 1 from its status as one of several interrelated provisions.

Second, the plaintiffs correctly point out that any ambiguity in a zoning ordinance must be decided in favor of the property owner. (*Lubershane v. Village of Glencoe* (1978), 63 Ill. App. 3d 874, 380 N.E.2d 890.) However, this argument presupposes that we find the instant ordinance to be ambiguous and, because we do not, it is unnecessary for us to utilize this rule of construction. Third, the plaintiffs properly observe that a property owner should be able to rely upon the terms used in a zoning ordinance to mean what they are commonly understood to mean. (*County of Lake v. Gateway Houses Foundation, Inc.* (1974), 19 Ill. App. 3d 318, 311 N.E.2d 371.) While we recognize the soundness of this rule, we do not agree with the plaintiffs' conclusion that the only commonly understood meaning of the ordinance is that section 1 should be read in isolation of all of the other sections. Again, we are bound to construe the ordinance as a whole and cannot examine section 1 in a vacuum as the plaintiffs suggest we do. The final severability argument advanced by the plaintiffs is that the use of commas in the preamble[1] of the ordinance indicates that the rezoning classification section is severable from all other sections of the ordinance. After a reading of the preamble, however, we find this argument to be meritless. The use of commas merely makes the preamble readable and in no way changes the intent or purpose of the ordinance.

■ Further, the conclusion that section 1 is not severable from the remainder of the ordinance and that the zoning provisions of the ordinance were conditioned upon a specific type of development to be commenced within a specific time frame finds further support in Illinois case law which permits the use of conditional zoning. In *Goffinet v. County of Christian* (1976), 65 Ill. 2d 40, 357 N.E.2d 442, the Illinois Supreme Court found that conditional zoning is permissible and that where the conditions set forth in an ordinance are not met, the

---

[1]"WHEREAS, the Plan Commission of the Village of Arlington Heights has heretofore conducted a public hearing to consider a petition for reclassification, upon annexation, from R—1 One-Family Dwelling District to B—2 General Business District, approval of a planned development and three special use permits for the property located at the northeast corner of South Arlington Heights Road and Lincoln Road, extended * * *

WHEREAS, the President and Board of Trustees have determined that the annexation, rezoning, approval of the planned development and special uses, subject to the terms and conditions hereinafter set forth, is in the best interests of the Village of Arlington Heights; * * *."

authority granted by the ordinance is thereby terminated. The court concluded that when the conditions are not honored in such a case, the special use and the conditional zoning terminate and the prior zoning classification is reimposed. Although the ordinance in the *Goffinet* case contained a specific reverted clause addressing the zoning matter, we believe that the court's reasoning is particularly pertinent to the case at bar. Where as here the ordinance contained specific conditions and where we are required to construe the instant ordinance as a whole, *Goffinet* offers support for our finding that upon failure of the ordinance's conditions, the zoning reclassification failed as well. See also *National Boulevard Bank v. Village of Schaumburg* (1979), 76 Ill. App. 3d 388, 394 N.E.2d 1320, *aff'd* (1980), 83 Ill. 2d 228, 415 N.E.2d 333 (planned unit development expired by its own terms when not commenced within two years of adoption of ordinance); *Nolan v. City of Taylorville* (1981), 95 Ill. App. 3d 1099, 420 N.E.2d 1037 (separate rezoning ordinance and special use ordinance must be read together to determine validity).

■ The plaintiffs next raise an alternative argument that they justifiably relied upon certain affirmative actions of the Village and that therefore, the Village is estopped from asserting that the property falls under any other than a B—2 classification. It is necessary to provide a brief summary of the facts pertinent to this issue in order to illuminate the plaintiffs' contentions. In October 1977, Eugene Sadin, not a party to the instant action, obtained an option to purchase the four parcels of land that were the subject of the instant ordinance. The ordinance was enacted on November 6, 1978. In April 1979, the plaintiff in the instant case informed the Arlington Heights Planning Department that Sadin no longer controlled the property. The plaintiff then submitted building plans for a retail and office building complex that was similar to the type of development detailed in the ordinance. This project was later abandoned by the plaintiff.

In January 1981, the plaintiff and another individual submitted a plan detailing a proposed development for a single parcel of the property. The Village of Arlington Heights Plat and Subdivision Committee advised the plaintiff that, with the exception of a restaurant which required a special use permit, no plan commission hearing would be necessary to proceed and that he should submit his project plans directly to the engineering and building department. This second project was also abandoned.

The third project advanced by the plaintiff was pursued by him individually and again involved only one parcel of the property. The new plan called for construction of a building spanning 12,000 square

feet to be used by retail tenants. This plan was submitted directly to the building department. The plaintiff contends that this submission was made pursuant to the Arlington Heights Plat and Subdivision Committee recommendation of February 17, 1981, and pursuant to the advice of the village planner, Joseph Kessler, who stated that the single parcel of property was zoned as B—2. The director of the building department thereafter refused to process the plaintiff's application for permits until after an opinion of the village attorney could be obtained as to the current zoning classification of the parcel of property. The village attorney issued his opinion, stating that according to the conditions listed in the ordinance, the B—2 zoning classification had expired and the property had reverted to a R—1 zoning district. The Village denied the plaintiffs' petition for a zoning reclassification and this lawsuit followed.

The plaintiffs correctly observe that in order to prove a vested property interest and a consequent estoppel on the part of a municipality, the plaintiffs must establish: (1) evidence of an affirmative act on the part of the municipality; (2) evidence that this affirmative act induced the complained of action and (3) evidence that the plaintiffs substantially changed their position as the result of their justifiable reliance (See *Deer Park Civic Association v. City of Chicago* (1952), 347 Ill. App. 346, 106 N.E.2d 823; *Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 331 N.E.2d 380.) Because we find that there were insufficient affirmative acts perpetrated by the Village to support the plaintiffs' estoppel argument, we believe that the trial court properly dismissed this count of the complaint.

The plaintiffs cite three instances of purported affirmative actions taken by the municipality which they contend induced their justifiable reliance. First, the plaintiffs state that as late as February 17, 1981, the village planner, Joseph Kessler, informed the plaintiffs that the property fell under a B—2 zoning classification. Second, the plaintiffs point out that on February 17, 1981, the plat and subdivision committee told the plaintiff that with the exception of a restaurant, which required a special use permit, no plan commission hearing would be necessary to proceed with the project. Third, the plaintiffs observe that at the times pertinent to this lawsuit the zoning district map reflected that the property was zoned under a B—2 classification.

■ A finding of estoppel against a public body is not favored. (*County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 405 N.E.2d 1376.) The affirmative acts which induce reliance by a party must be acts of the municipality itself, such as legislation by a city council, rather than merely the unauthorized act of a ministerial officer or a ministe-

rial misinterpretation. (*Lake Shore Riding Academy, Inc. v. Daley* (1976), 38 Ill. App. 3d 1000, 350 N.E.2d 17.) A person who deals with a governmental body takes the risk of having accurately ascertained that he who purports to act for it stays within the bounds of his authority and that this is so even though the agent himself may have been unaware of the limitations on his authority. (*Lake Shore Riding Academy, Inc. v. Daley* (1976), 38 Ill. App. 3d 1000, 350 N.E.2d 17.) In the instant case, we believe that the representations made by the village planner and the plat and subdivision committee were the unauthorized acts or misinterpretations of ministerial officers rather than acts of the municipality itself. We also fail to find that the designation of the property on the zoning map as B—2 acted as an affirmative action which could work an estoppel against the Village. Publication of a zoning map does not give validation or a variation to such differences as may exist between the classification appearing on the map and those existing under the zoning ordinance. (*Oak Forest Mobile Home Park, Inc. v. City of Oak Forest* (1975), 27 Ill. App. 3d 303, 326 N.E.2d 473.) We have previously found that the zoning reclassification section of the ordinance expired upon failure of the ordinance's conditions. Consequently, the fact that the map reflected a B—2 zoning classification cannot control over the pertinent provisions of the ordinance. Because we find that there were insufficient affirmative actions perpetrated by the Village, we need not address the other two elements of the plaintiffs' estoppel argument. We believe that the trial court properly dismissed this count of the plaintiffs' complaint.

The third issue raised by the plaintiffs is whether the trial court improperly dismissed count III of their complaint which sought a writ of *mandamus* compelling the Village of Arlington Heights to issue the necessary building permits. However, because count III is predicated upon the sufficiency of either of the other two counts of the plaintiffs' complaint, we need not address this issue since we find that the trial court properly dismissed the other two counts.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.