126 Ill. App.3d 30 (1984)
466 N.E.2d 1230
In re APPLICATION OF EDWARD J. ROSEWELL, Cook County Treasurer and Ex-Officio County Collector (Dorothy Ware, Appellant,
v.
Chicago Park District, Appellee).
No. 83-78.
Illinois Appellate Court  First District (2nd Division).
Opinion filed July 3, 1984.
*31 Cook Partners, Ltd., of Chicago (Rufus Cook, of counsel), for appellant.
Rick Halprin, of Chicago (Allan R. Stasica, of counsel), for appellee.
Judgment affirmed.
JUSTICE STAMOS delivered the opinion of the court:
On June 10, 1976, the property at 5017 South Ellis Avenue, Chicago, was sold for nonpayment of taxes. A certificate of sale was issued to Phoenix Realty, which thereafter assigned the certificate to Dorothy Ware. On June 7, 1978, in anticipation of the expiration of the period of redemption, Ware filed a petition for a tax deed to the property. At the hearing on the petition on October 17, 1978, an attorney for the Chicago Park District (Park District) appeared and produced a sheriff's deed to the property in issue. The Park District attorney alleged that the Park District had not received the requisite personal notice of the expiration of the period of redemption and that therefore Ware's petition should be denied. The trial court denied the petition.
Ware filed a post-trial motion in which she alleged that new evidence had been discovered which would require that the court issue a tax deed to Ware. The court granted Ware a new trial at which the new evidence was presented. Despite this evidence, the trial court again denied Ware's petition. Ware appeals from this order.
The property which is the subject of this appeal, 5017 South Ellis Avenue, Chicago, was deeded to the Illinois Protestant Children's Home (the home) in 1947. Thereafter, the subject property was conveyed to Florence Budd and then to Flo Budd Antiques, Inc. In 1970, the Illinois Attorney General's office sued to set aside these latter conveyances on the grounds that they were without corporate authority *32 and were for Budd's personal benefit.
The matter came before Judge Epstein, who ordered that the subject property be conveyed back to the home. The foregoing proceedings were concluded on March 5, 1973. During these proceedings, the structure on the subject property was damaged by fire and was demolished by the city of Chicago in 1972. The city thereby acquired a demolition lien of $4,500, which it sought to foreclose in 1973.
While the demolition lien foreclosure proceedings were pending, Judge Epstein was attempting to find an organization to accept the subject property. It was impossible for the home to take the property back because it had been dissolved by decree in 1962. Judge Epstein sought to find an organization that could utilize the property for recreational use. Among those contacted was the Chicago Park District. The commissioners of the Park District elected to attempt to acquire the subject property. Accordingly, the Park District filed a petition before Judge Epstein in December 1975 asking him to utilize the cy pres doctrine to convey title to the Park District. Judge Epstein granted the Park District's petition on January 9, 1976, and ordered that a sheriff's deed be delivered to the Park District. For reasons which are not apparent from the record on appeal, the Park District did not seek to obtain the sheriff's deed until October 13, 1978, over 2 1/2 years after Judge Epstein's order.
On June 10, 1976, the subject property was put up for sale, pursuant to court order, for nonpayment of taxes from 1947 to 1974. The property was purchased at the tax sale by Phoenix Realty, which thereafter assigned the certificate of sale to Dorothy Ware (appellant).
On October 27, 1977, Ware filed a petition for appointment as receiver to prevent waste to the property in issue. The Park District appeared at the hearing on the petition by one of its attorneys, who represented to the court that the Park District had "no interest whatever" in the subject property. Ware's petition to be appointed receiver was granted.
Meanwhile, the city of Chicago's suit to foreclose on its demolition lien led to an order authorizing a sale of the subject property to satisfy the city's lien. The sale was scheduled for November 16, 1977. On November 14, 1977, Ware tendered to the city a sum sufficient to redeem the property from the demolition lien. This tender was rejected. On the morning of November 16, 1977, Ware secured a temporary restraining order to prevent the demolition lien sale from proceeding. Nonetheless, the sale took place and the subject property was sold. Ware was later able to suspend the results of the sale, and the city thereafter accepted Ware's payment of the demolition lien.
*33 On June 7, 1978, Ware filed her petition for a tax deed in anticipation of the expiration of the two-year redemption period following a tax sale. Ware did not give personal notice of the expiration of the redemption period to the Park District. The redemption period expired on September 29, 1978, and a hearing on Ware's petition was held on October 17, 1978. The Park District appeared at this hearing by the same attorney who had appeared at the hearing on receivership. The attorney produced a sheriff's deed to the subject property which had been issued on October 13, 1978, pursuant to Judge Epstein's order of January 9, 1976. The court denied Ware's petition on the grounds that Ware had failed to give proper notice to the Park District of the expiration of the redemption period. The court ruled that the order of January 9, 1976, could not be collaterally attacked and held that the Park District attorney's earlier statement that the Park District had no interest in the subject property was not a waiver of the Park District's rights and did not estop the Park District from asserting its sheriff's deed.
Ware filed a motion for a new trial. A new trial was granted on the basis of a letter indicating that the Park District had lost interest in acquiring the subject property as early as the time of the purported waiver by the Park District attorney. Despite this new evidence, the trial court again denied Ware's petition. Ware appeals from this order.
 1 Appellant first contends that the trial court erred in ruling that the order of January 9, 1976, could not be collaterally attacked. That order directed the sheriff of Cook County to deliver a deed to the property in issue to the Chicago Park District and it authorized the Park District to accept the deed. A sheriff's deed was executed on October 13, 1978. The Park District produced this deed at the hearing on the instant petition for a tax deed and it was this deed which established the Park District's right to receive personal notice of the expiration of the redemption period. Appellant's failure to give the Park District personal notice of the expiration of the redemption period was the basis for the denial of appellant's petition. On appeal, appellant contends that the order of January 9, 1976, was void and did not, therefore, convey a property interest to the Park District sufficient to entitle them to personal notice of the expiration of the redemption period.
A judgment may be collaterally attacked only when the court which rendered the judgment lacked jurisdiction over the parties and subject matter (Johnston v. City of Bloomington (1979), 77 Ill.2d 108, 112, 395 N.E.2d 549) or lacked the inherent power to enter the order involved (City of Chicago v. Illinois Fair Employment Practices Com. *34 (1975), 34 Ill. App.3d 114, 117, 339 N.E.2d 260). Collateral attack on judgments is not permitted for nonjurisdictional errors or irregularities. (See Federal Sign & Signal Corp. v. Czubak (1978), 57 Ill. App.3d 176, 179, 372 N.E.2d 965.) In the instant case, it is not disputed that the court which rendered the order of January 9, 1976, had jurisdiction of the parties and subject matter involved. The essence of appellant's contention is that the circumstances in that case did not warrant the court's use of the cy pres doctrine to direct a conveyance to the Park District. Even assuming that appellant is correct, a wrongful application of the cy pres doctrine does not constitute a jurisdictional defect such as to warrant a collateral attack on the order of January 9, 1976. The court did not lack the power to utilize the cy pres doctrine because it is a court hearing chancery matters in which the doctrine may properly be utilized. (See 8 Ill. L. & Prac. Charities secs. 42, 43, at 57-59, (1954).) Appellant merely contends that the court wrongly applied the doctrine under the circumstances presented. The power of a court to decide includes the power to decide erroneously, and any erroneous decision so made is binding as a court decision until set aside or corrected on appeal. (Baker v. Brown (1939), 372 Ill. 336, 343, 23 N.E.2d 710.) Because appellant does not point to a jurisdictional defect in the judgment of January 9, 1976, the trial court in the instant case properly refused to allow a collateral attack on that judgment.
 2, 3 Appellant next contends that the Park District should have been precluded from presenting its sheriff's deed to the property in issue in appellant's proceeding to secure a tax deed. The basis for this argument is a statement made by an attorney for the Park District in an unrelated proceeding to the effect that the Park District had no interest in the subject property. Appellant argues that, based on this statement, the rules of waiver and estoppel should have precluded the Park District from presenting their sheriff's deed.
The statement which is the subject of this contention was made on October 27, 1977, in a hearing on appellant's petition to be appointed receiver of the property in issue. The Park District appeared at that hearing by its attorney, who represented to the court that the Park District "has no interest whatever in the property." By this statement, appellant contends that the Park District (1) waived its rights to the subject property, (2) judicially admitted that it had no interest in the property, or (3) should be estopped from asserting its rights to the property.
It is apparent that appellant's waiver and judicial admission arguments must fail. The purported waiver in the instant case related to *35 the Park District's rights to the property in issue and was made by an attorney representing the Park District. An attorney in Illinois has no authority to waive any right of his client without the client's express authorization. (County of Cook v. Patka (1980), 85 Ill. App.3d 5, 11, 405 N.E.2d 1376.) In the instant case, there was no evidence that the Park District's attorney was authorized to waive the Park District's rights to the property in issue. Absent such evidence, the attorney's purported waiver of the Park District's rights was not binding on the Park District. The same reasoning applies to the judicial admission argument because judicial admissions are merely a species of waiver. See Wigmore, Evidence sec. 2588, at 821-22 (Chadbourn rev. 1981).
 4 As with the waiver and judicial admission arguments, appellant's estoppel argument must fail because of the Park District attorney's lack of authority. "A finding of estoppel against a public body is not favored. [Citation.] The affirmative acts which induce reliance by a party must be acts of the municipality itself, such as legislation by a city council, rather than merely the unauthorized act of a ministerial officer or a ministerial misinterpretation." (American National Bank & Trust Co. v. Village of Arlington Heights (1983), 115 Ill. App.3d 342, 347-48, 450 N.E.2d 898.) As we noted above, the Park District's attorney was not authorized to waive the Park District's rights to the property in issue and appellant was not, therefore, justified in relying on the attorney's representation. "A person who deals with a governmental body takes the risk of having accurately ascertained that he who purports to act for it stays within the bounds of his authority and * * * this is so even though the agent himself may have been unaware of the limitations on his authority." 115 Ill. App.3d 342, 348.
 5 Appellant also asserts that the court's ruling on appellant's petition for receivership is res judicata on the issue of the validity of the Park District's interest in the subject property. It was in the hearing on the petition for receivership that the Park District's attorney disavowed any interest in the subject property by the Park District. At the conclusion of this hearing, the court appointed appellant as receiver of the property. Appellant asserts that, in reaching its decision, it was necessary for the court to decide whether the Park District had any interest in the property. We disagree.
The Park District did not appear at the hearing on the petition to "contest" the petition as appellant asserts. Rather, the Park District appeared because it had received notice. Thus, at the hearing, the court was not presented with, and therefore could not have decided, the issue of the validity of the Park District's interest in the subject property. Indeed, the statute pursuant to which the petition was filed *36 does not require the court to rule on the validity of a party's interests. All the court need determine is whether the holder of the certificate of purchase from the tax sale has filed the petition and whether the subject property is in danger of waste. (Ill. Rev. Stat. 1981, ch. 120, par. 734a.) After determining that the requisite parties have received notice of the petition, the court is free to appoint the holder of the certificate of purchase as receiver regardless of the quality of the interests of the other parties to the petition. (Ill. Rev. Stat. 1981, ch. 120, par. 734a.) The statute does not require the court to rule on either the validity or the superiority of those interests. Thus, appellant is mistaken in its assertion that the question of the Park District's interest in the subject property was in issue. The court's appointment of appellant as receiver in no way reflects on the Park District's right to subsequently claim title to the property in issue.
 6 Appellant also asserts that the Park District ratified, or at least acquiesced in, the purported waiver by its attorney of the Park District's interest in the subject property, thereby waiving its rights to the property in issue. But the evidence of ratification or acquiescence cited by appellant are all instances of inaction by the Park District. These instances include the failure (1) to obtain a sheriff's deed, (2) to defend against the demolition lien foreclosure action, (3) to prevent the November 16 foreclosure sale, or (4) to redeem from that sale. Such instances of inaction, however, do not constitute ratification. Cf. United States ex rel. Baez v. Circuit Court (N.D. Ill. 1975), 395 F. Supp. 1285, 1287 (client's failure to object to attorney's waiver of client's right does not bind client to attorney's actions); County of Cook v. Patka (1980), 85 Ill. App.3d 5, 13, 405 N.E.2d 1376 (inaction insufficient to work an estoppel against county).
 7 Appellant's final contention concerns the trial court's finding that appellant failed to give the requisite notice to the Park District of the petition for a tax deed. This failure was cited by the court as the basis for denying the petition. Appellant contends that, under the circumstances, the Park District was not entitled to personal notice and that notice by publication was sufficient.
"[P]arties interested in the premises" which are the subject of a tax sale must be given notice of the sale and of the expiration of the period of redemption. (Ill. Rev. Stat. 1981, ch. 120, par. 744; see Ill. Const. 1970, art. 9, sec. 8(b).) The notice of the expiration of the period of redemption must be given not less than three nor more than five months prior to the expiration date. (Ill. Rev. Stat. 1981, ch. 120, par. 744.) "[O]wners, occupants and parties interested in the premises" must receive personal notice; "unknown owners or parties interested" *37 in premises may be served by publication. (Ill. Rev. Stat. 1981, ch. 120, par. 744.) A purchaser at a tax sale is not entitled to a tax deed at the expiration of the period of redemption unless notice is effected in strict compliance with the above requirements. Ill. Rev. Stat. 1981, ch. 120, par. 744; see In re Application of Cook County Collector (Petition of Ohr) (1981), 100 Ill. App.3d 178, 179-80, 426 N.E.2d 947.
In the instant case, the Park District received an enforceable interest in the property in issue as a result of the order of January 9, 1976, which directed that a sheriff's deed to the subject property be issued to the Park District. Despite the fact that this order was never vacated or reversed, appellant contends that the Park District's interest in the subject property was extinguished by the statement of the Park District's attorney that the District had no interest in the property. But as has been discussed earlier, the attorney was not authorized to waive the Park District's interest and appellant was not justified in relying on the attorney's purported waiver. Nonetheless, appellant cites the purported waiver as the basis for her failure to give the Park District the requisite personal notice of the petition for a tax deed. According to appellant, as a result of the purported waiver, she treated the Park District as an "unknown party" in the petition for a tax deed, and, accordingly, service was made by publication only. But appellant had actual knowledge of the order of January 9, 1976, which she was not free to ignore despite the purported waiver. (See In re Application of County Collector (Petition of Burdash) (1977), 48 Ill. App.3d 572, 588, 362 N.E.2d 1335.) Based on appellant's knowledge, the Park District was a party interested in the premises and was therefore entitled to personal notice of appellant's petition for a tax deed. (See Ill. Rev. Stat. 1981, ch. 120, par. 744.) Because personal notice was not given, the trial court properly denied appellant's petition.
For the reasons expressed herein, the judgment of the circuit court is affirmed.
Affirmed.
PERLIN, J., concurs.
JUSTICE DOWNING, dissenting:
There is a well-accepted maxim that "equity regards and treats that as done which in good conscience ought to be done." In my opinion, good conscience does not justify applying technical principles to *38 permit the Park District to claim rights which the record does not establish. Equity demands that the trial court's holding be reversed and that personal notice to the Park District in this case was not necessary.
It is not necessary to repeat the facts set forth in the majority opinion. However, emphasis will be placed on certain significant parts of the record.
On January 9, 1976, the trial court granted the Park District's petition to acquire the subject property and ordered a sheriff's deed. However, the Park District took no affirmative step with respect to acquiring the sheriff's deed until October 13, 1978.
In the meantime, other actions were taking place. On June 10, 1976, when the property was put up for sale due to delinquent taxes for the years 1947 to 1974, it was purchased by Phoenix Realty, who assigned their rights to appellant Ware. Thereafter, in an action by appellant for the appointment of a receiver to prevent waste on the subject property, a hearing was held in the circuit court of Cook County. The Park District received notice from the appellant as to this petition. On October 27, 1977, Leslie P. Liss, attorney for the Park District, appeared before the court and represented that the Park District "has no interest whatsoever in the property." Consequently, a receiver was appointed. The record also indicates that the Park District's attorney, during this period, had informed the corporation counsel's office of the city of Chicago that the Park District had no interest in the property.
In November 1977, the city of Chicago obtained an order authorizing sale of the subject property to satisfy the city's lien. Appellant paid the city the amount of the demolition lien.
On June 7, 1978, appellant filed a petition for a tax deed but did not give personal notice to the Park District. On that date, the Park District did not have title to the subject property. The two-year redemption period expired on September 29, 1978. A hearing was scheduled on October 17, 1978, regarding the petition for the tax deed. In the meantime, the Park District's attorney, on October 13, 1978, obtained the sheriff's deed which was then produced at the October 17 hearing. Because of the deed, the trial court denied the petition on the grounds that appellant failed to give proper notice to the Park District.
As discussed below, I believe the principles of waiver, judicial admission and estoppel should be applied. My colleagues reject appellant's arguments on these issues. Relying upon County of Cook v. Patka (1980), 85 Ill. App.3d 5, 11, 405 N.E.2d 1376, the majority *39 says that an attorney cannot waive any right of his client without the client's express authorization, that estoppel against a public body is not favored, and in any respect in dealing with a municipality, be sure you deal with a person in authority. In Patka (involving the awarding to the county of a demolition lien), this court also noted that there was no showing that the parties acted in reliance on the unauthorized act of the county.
In the instant case, based upon the record, I think there was a binding judicial admission. And, based upon the acts and failure to act by the Park District, there has been a valid waiver of any rights by the Park District, thereby creating an estoppel against the Park District.
The Chicago Park District operates under statutory authority (Ill. Rev. Stat. 1983, ch. 105, par. 333.1 et seq.)[1] different than other park districts in this State (Park District Code par. 1-1 et seq.). The Park District is operated by five commissioners appointed by the mayor of the city of Chicago with the approval of the city council. The statute also provides for a "General Superintendent" appointed for a term of four years, who shall "manage the affairs of the district." (Park District Code par. 333.5.) It is a matter of historical knowledge, of which the court can take judicial notice, that the general superintendent of the Chicago Park District operates that body. And, when the general superintendent speaks, it is as the "voice" of the Park District. This structural distinction in park districts and the recognition of the general superintendent's authority is important in the pragmatic and equitable resolution of this case.
The majority concludes that the record does not establish that the Park District's attorney was speaking with authority of the commissioners when he stated in court that the Park District had no interest in the subject property. However, in addition to the facts set forth in the majority opinion, the record does show that on June 12, 1978, attorney Howard M. Brody wrote a letter to Park District commissioner Theodore Jones concerning the subject property. As a result of the letter, on June 19, 1978, the assistant record and estimate engineer of the Park District wrote an interoffice memo to the chief engineer setting forth certain information concerning the subject property. On June 27, 1978, the following letter was written to attorney Harold M. Brody:
*40 
This communication, signed by the general superintendent in response to a letter to Park District commissioner Jones, clearly supports and corroborates the position taken in court by Park District attorney Liss, on October 27, 1977 and June 7, 1978. Coupled with the failure of the Park District to secure the deed, notwithstanding Judge Epstein's order of January 9, 1976, justified the failure of appellant to send notice on June 7, 1978, to the Park District when appellant petitioned for the tax deed. The Park District was not the record title holder of the property until October 13, 1978. Requiring formal action *41 by the park commissioner in this situation is allowing the Park District to hide behind "form" rather than recognizing and accepting the realities of their position.
In my opinion, estoppel should apply against the Park District for the following reasons: (1) the record clearly establishes that the Park District attorney made a judicial admission that the District was not interested in the property; and (2) relying on the judicial admission, appellant did not send personal notice. In Jordan v. City of Chenoa (1897), 166 Ill. 530, 47 N.E. 191, a case involving a question of the acceptance by a municipality of streets and alleys based on the recording of a plat of dedication, it was held that defense of equitable estoppel from abandonment or nonuser may be applied against a municipality. By not acting to secure title to the property between January 9, 1976, and October 13, 1978, the Park District should be estopped from asserting a claim of no notice.
There can be no doubt that the admission by a party's attorney is binding upon the party. (Neiman v. City of Chicago (1962), 37 Ill. App.2d 309, 185 N.E.2d 358, appeal denied (1963), 25 Ill.2d 623.) An admission by counsel of a party upon the trial supersedes all proofs upon the point in question. (Darling v. Charleston Community Memorial Hospital (1964), 50 Ill. App.2d 253, 328, 200 N.E.2d 149, aff'd (1965), 33 Ill.2d 326, 211 N.E.2d 253, cert. denied (1966), 383 U.S. 946, 16 L.Ed.2d 209, 86 S.Ct. 1204.) As stated in Hunter, Trial Handbook for Illinois Lawyers sec. 68.15, at 943-44 (5th ed. 1983), "[w]hat constitutes a judicial admission must be decided under the circumstances in each case * * *" and "[t]he attorney has prima facie authority to make relevant judicial admissions." See also 2 Gard, Illinois Evidence Manual Rule 15:18, at 141-42 (2d ed. 1979), and Cleary & M. Graham, Illinois Evidence sec. 802.11 at 541 (4th ed. 1984).
In the instant case, the record established that not only did the general superintendent in writing represent that the Park District could not be involved in the property, such representation was approved by the general attorney. It certainly is reasonable and equitable to conclude that attorney Liss was merely representing in court the official position of the Park District as set forth by the general superintendent, who has the statutory authority to manage the affairs of the District. (See Park District Code par. 333.5.) As the supreme court said in American Car & Foundry Co. v. Industrial Com. (1929), 335 Ill. 322, 332, 167 N.E. 80, "[w]here an attorney is counsel of record for his client, his agreements and stipulations made in the conduct and management of the litigation must be considered as the agreement of his client, and if any of his acts are without sufficient *42 authority as between him and his client, the remedy of the client is against the counsel."
Under the circumstances and record of this case, I do not think it equitable to hold that the Park District was entitled to the requisite personal notice of the expiration of the period of redemption. In fact, not only had the Park District waived by their action any such requirement, but it is reasonable to assume that the Park District had actual notice of what was taking place and waited until the redemption period expired on September 27, 1978, before securing the sheriff's deed on October 13, 1978. Then, in court, the Park District could yell, "Foul  see, we have a deed and did not receive notice." The action of the Park District should not be condoned. It permits the Park District to hide behind technicalities with judicial sanction. I would reverse the judgment of the circuit court of Cook County.
NOTES
[1] Hereinafter referred to by section number as the "Park District Code."