BRUNO J. HALLECK, Plaintiff-Appellant, v. THE COUNTY OF COOK, Defendant-Appellee.

First District (3rd Division)   No. 1—93—0057

Opinion filed June 29, 1994.

Patrick B. Nicholson, of Cullen, Haskins, Nicholson & Menchetti, P.C., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen Covey and John J. Murphy, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

In this action alleging retaliatory discharge by defendant County of Cook, plaintiff Bruno Halleck appeals orders of the trial court which found that the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1—101 *et seq.* (West 1992)) applies to such causes of action; the Act's one-year statute of limitation (745 ILCS 10/8—101 (West 1992)) bars his complaint; and the doctrine of equitable estoppel, as a matter of law, does not apply.

The two issues raised on appeal are (1) whether a retaliatory dis-

charge claim against a governmental entity is subject to the one-year limitations period provided in the Act or the five-year statute of limitations provided in the Code of Civil Procedure (735 ILCS 5/13—205 (West 1992)) and (2) whether the doctrine of equitable estoppel precludes the defense of the statute of limitations.

We affirm.

On July 8, 1989, plaintiff sustained injuries in an accident related to his employment as a truck driver for the Department of Highways. Plaintiff had worked in such capacity for approximately nine years. As a result of these injuries, plaintiff received some benefits under the Workers' Compensation Act (820 ILCS 305/8(a) (West 1992)). However, plaintiff remained temporarily totally incapacitated for work from July 8, 1989, through June 1, 1990, and sought weekly payments in accordance with the Workers' Compensation Act.

Effective April 22, 1990, plaintiff was "separated from the payroll of the Cook County Highway Department" according to written notice provided to plaintiff by defendant on April 15, 1990. Defendant offered no reason for this action. At the time of separation plaintiff was receiving medical care for his injuries and asserting his right to receive weekly compensation for his temporary total incapacity.

On June 1, 1990, plaintiff was released by his treating physician to return to work. Defendant, however, refused and has continued to refuse to reinstate plaintiff to employment.

On June 13, 1990, an application for adjustment of claim was filed on behalf of plaintiff at the Illinois Industrial Commission. On July 19, 1990, a petition for immediate hearing was filed on behalf of plaintiff. On August 2, 1990, defendant filed a response which declared that temporary total disability benefits had been paid from July 6, 1989, to April 6, 1990, but that such benefits had been terminated because plaintiff "was observed engaging in manual labor while allegedly temporarily disabled and receiving Workers' Compensation payments from the County." In addition, defendant stated that plaintiff was no longer its employee. Trial was scheduled for September 19, 1990.

At the September 19, 1990, proceedings before the Industrial Commission, the assistant State's Attorney (Jean Marie Calcagno) represented defendant, reported that plaintiff was under criminal investigation for allegedly working while receiving temporary benefits and requested that the case be continued so that she could determine the nature of the investigation and evaluate possible settlement of plaintiff's claim. The trial was continued and plaintiff's workers' compensation claim was set for hearing on December 13, 1990.

On December 13, 1990, Assistant State's Attorney Calcagno requested that plaintiff "hold off any action" so that she could attempt to settle plaintiff's claim including resolution of the question of plaintiff's return to work with defendant. The trial was again continued and no action was taken regarding plaintiff's return to work.

On March 20, 1991, plaintiff's workers' compensation claim was again set for hearing. At this time Assistant State's Attorney Robert Scott appeared on behalf of defendant, requested that plaintiff's case be continued again and reported that at the next Cook County Board meeting scheduled for April 5, 1991, he would recommend the settlement of plaintiff's claim, including reinstatement as an employee with defendant, and that it would be approved.

On April 15, 1991, Assistant State's Attorney Scott advised plaintiff that the Cook County Board would not approve a settlement and referred to a video tape which purported to show plaintiff working.

On May 15 and May 24, 1991, plaintiff's workers' compensation claim proceeded to hearing.

On July 1, 1991, the arbitrator filed a decision with the Industrial Commission finding that defendant terminated plaintiff's employment without any explanation and refused, without good and just cause, the payment of weekly compensation benefits from the period April 6, 1990, through June 1, 1990. The arbitrator also assessed penalties against defendant as authorized by the Workers' Compensation Act. 820 ILCS 305/19(k), (l) (West 1992).

Subsequently plaintiff attempted to resolve the matter of his reinstatement. On August 28, 1991, plaintiff, by letter, advised Assistant State's Attorney Scott that plaintiff was going to seek reinstatement and suggested that a meeting be held to resolve this matter prior to the filing of a civil suit. In his complaint, plaintiff alleged that Scott had always led him to believe that he would be reinstated even after the trial of the workers' compensation claim.

On September 12, 1991, plaintiff, by letter, presented Assistant State's Attorney John Carreon with a copy of a draft complaint and again requested a meeting to resolve the matter of reinstatement. On October 1, 1991, Carreon telephoned plaintiff and requested information regarding plaintiff's medical release to return to work. On October 3, 1991, plaintiff forwarded the requested material to defendant. On February 12, 1992, plaintiff sent a letter to the administrative assistant of the Cook County Board president and asked for his intercession in resolving the matter of plaintiff's reinstatement. No reply was ever received.

On April 6, 1992, plaintiff filed a complaint in equity alleging retaliatory discharge. In response, defendant filed a section 2—619(5) motion to dismiss, which provides for the involuntary dismissal of an action "not commenced within the time limited by law." (735 ILCS 5/2—619(5) (West 1992).) In its motion to dismiss, defendant asserted that plaintiff's cause of action accrued in April 1990 when he was terminated from his employment, that the one-year limitations period stated in the Act applies to plaintiff's action and that plaintiff's complaint was filed two years (April 1992) after the cause of action accrued (April 1990).

On July 28, 1992, following a hearing, the trial court found that plaintiff's action sounded in tort, was governed by the Act and would be time barred except for a question of fact as to equitable estoppel. The trial court denied defendant's motion to dismiss and granted plaintiff leave to amend his complaint to allege the affirmative allegation of estoppel.

Plaintiff subsequently filed a first amended complaint and based his estoppel argument upon the representations of defendant's agents and attorneys that he would be reinstated. Defendant responded with a section 2—619(5) motion to dismiss plaintiff's first amended complaint.

On December 7, 1992, following a hearing regarding plaintiff's first amended complaint, the trial court granted defendant's motion to dismiss, found that plaintiff's action was time barred on April 22, 1991, and rejected plaintiff's estoppel arguments reasoning that there could not be reasonable reliance on the part of plaintiff because the law does not charge the State's Attorney with the authority to approve a settlement of the workers' compensation claim and the matters pendant to it. The trial court further found that even if the reliance was reasonable, there was a reasonable period of time, seven days, after plaintiff knew that the Cook County Board would not approve a settlement (April 15, 1991) to file his action within the one-year period (April 22, 1991).

Plaintiff now appeals the orders entered on July 28, 1992, and December 7, 1992.

Plaintiff first asserts that the trial court incorrectly applied the one-year statute of limitations in the Act to his retaliatory discharge claim. Plaintiff argues that his retaliatory discharge claim arises out of a contractual relationship and thus his cause of action is not an injury within the definition of injury in the Act. Plaintiff submits that he has sought damages which are contractual in nature, *i.e.*, reinstatement and monetary damages for lost wages and fringe benefits, and that where a claim and the elements of damages sound

in contract, the five-year statute of limitations for contract actions applies.

Defendant contends that the Illinois Supreme Court has already held that a claim of retaliatory discharge is a tort and the Act applies. *Boyles v. Greater Peoria Mass Transit District* (1986), 113 Ill. 2d 545, 499 N.E.2d 435.

Under the Illinois Code of Civil Procedure, "all civil actions not otherwise provided for" are subject to a five-year statute of limitations. 735 ILCS 5/13—205 (West 1992).

On the other hand, the Act imposes a one-year limitation period:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8—101 (West 1992).

The Act defines the term "injury" as follows:

> "'Injury' means death, injury to a person, or damage to or loss of property. It includes any other injury that a person may suffer to his person, reputation, character or estate which does not result from circumstances in which a privilege is otherwise conferred by law and which is of such a nature that it would be actionable if inflicted by a private person. 'Injury' includes any injury alleged in a civil action, whether based upon the Constitution of the United States or the Constitution of the State of Illinois, and the statutes or common law of Illinois or of the United States." 745 ILCS 10/1—204 (West 1992).

Plaintiff directs attention to two cases where the five-year limitations period was applied to retaliatory discharge actions by this court in *Henon v. Lever Brothers Co.* (1983), 114 Ill. App. 3d 608, 449 N.E.2d 196, and by the Federal district court in *Berghoff v. R.J. Frisby Manufacturing Co., a Division of Western Capital Corp.* (N.D. Ill. 1989), 720 F. Supp. 649. However, neither the *Henon* case nor the *Berghoff* case involved the Act. The defendant employers in both cases were private corporations, not public entities. Accordingly, the Act was neither raised nor applicable.

■ Retaliatory discharge claims have consistently been recognized as torts. *E.g.*, *Boyles*, 113 Ill. 2d 545, 499 N.E.2d 435; *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 473 N.E.2d 1280; *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353; *Sloan v. Jasper County Community Unit School District No. 1* (1988), 167 Ill. App. 3d 867, 522 N.E.2d 334; *Spearman v. Exxon Coal USA,*

*Inc.* (7th Cir. 1994), 16 F.3d 722, 723 ("the Supreme Court of Illinois treats retaliatory discharge as a tort"); *Peeler v. Village of Kingston Mines* (7th Cir. 1988), 862 F.2d 135.

In *Boyles*, the discharged plaintiff filed a retaliatory discharge action against the employer defendant, a municipal corporation. The plaintiff sought both compensatory and punitive damages. The Illinois Supreme Court followed the express statutory dictate of the Act that "a local public entity is not liable to pay punitive or exemplary damages." (745 ILCS 10/2—102 (West 1992).) In light of this express prohibition, the supreme court held that the Act precludes the recovery of punitive damages in a retaliatory discharge case. *Boyles*, 113 Ill. 2d at 554.

The *Boyles* court also considered a second issue, *i.e.*, "whether a cause of action in tort for retaliatory discharge may exist absent punitive damages as an available remedy." (*Boyles*, 113 Ill. 2d at 554.) In addressing this second issue, the supreme court noted its prior decision where it concluded "that a suit for retaliatory discharge is an action in tort, independent of an employee's contract or collective-bargaining agreement." (*Boyles*, 113 Ill. 2d at 554-55, citing *Midgett*, 105 Ill. 2d at 149.) The *Boyles* court held

> "that the unavailability of punitive damages does not preclude the plaintiff from seeking compensatory damages for what the plaintiff claims was an improper termination of her employment.
> *** Under our holding, only the damages available are restricted; the cause of action in tort for retaliatory discharge remains unchanged." *Boyles*, 113 Ill. 2d at 555-56.

We find that plaintiff's cause of action in the present case is a tort within the meaning and purpose of the Act in light of the Illinois Supreme Court's determination in *Boyles* and *Midgett*.

Plaintiff next asserts that even if the one-year statute of limitations applies, defendant should be precluded from asserting this defense under the theory of equitable estoppel. Plaintiff argues that defendant's conduct, when viewed in its totality, raises a reasonable inference sufficient to present questions of fact to be resolved by a trier of fact and to withstand a motion to dismiss. Plaintiff specifically relies on the three occasions where the assistant State's Attorney requested and received a continuance of plaintiff's workers' compensation claim before the Industrial Commission to investigate, evaluate and attempt to settle plaintiff's claim (September 19, 1990; December 13, 1990; March 20, 1991). Regarding the April 15, 1991, statement made by the assistant State's Attorney that the Cook County Board would not approve a settlement, plaintiff submits that it was not clear whether the statement referred only to the workers' compensa-

tion matter or solely to the retaliatory discharge claim or to both claims. Plaintiff maintains that defendant's attorney's conduct raises a reasonable inference that the issue of reinstatement would be resolved once the workers' compensation claim was decided.

Defendant contends that the doctrine of equitable estoppel does not apply in the present case because the allegations in the amended complaint refer to settlement negotiations concerning plaintiff's workers' compensation claim, not the retaliatory discharge cause of action. Assuming that the conversations alleged in the amended complaint are related to plaintiff's retaliatory discharge cause of action, defendant contends that the allegations are so insufficient that, as a matter of law, estoppel does not apply to the present case because defendant's conduct cannot be said to have caused in plaintiff a reasonable reliance that the case would be settled.

Estoppel against public bodies is generally not favored and is allowed in only rare and unusual circumstances. (*Miller v. Town of Cicero* (1992), 225 Ill. App. 3d 105, 590 N.E.2d 490; *Central Transport, Inc. v. Village of Hillside* (1991), 210 Ill. App. 3d 499, 568 N.E.2d 1359 (the defendant village could not deny the validity of its own ordinance).) The doctrine of estoppel is invoked against a public body only when it is necessary to prevent fraud and injustice. *Jack Bradley, Inc. v. Department of Employment Security* (1991), 146 Ill. 2d 61, 81, 585 N.E.2d 123; *Beverly Bank v. County of Cook* (1987), 157 Ill. App. 3d 601, 510 N.E.2d 941.

Moreover, estoppel against a public body is especially prohibited when public revenues are involved. (*Jack Bradley*, 146 Ill. 2d at 81.) A county pays its employees from public revenues. (*Rose v. Rosewell* (1987), 163 Ill. App. 3d 646, 652, 516 N.E.2d 885.) As a decrease or increase in a county employee's salary was held to relate to the public revenue in *Rose*, so also would the elimination or reinstatement of the salary of plaintiff relate to the public revenue in the present case.

To invoke equitable estoppel against a municipality there must be an affirmative act on the part of the municipality and the inducement of substantial reliance by the affirmative act. *Lindahl v. City of Des Plaines* (1991), 210 Ill. App. 3d 281, 295, 568 N.E.2d 1306; *Chicago Food Management, Inc. v. City of Chicago* (1987), 163 Ill. App. 3d 638, 516 N.E.2d 880.

The affirmative act which prompts a party's reliance must be an act of the public body itself such as a legislative enactment rather than the unauthorized acts of a ministerial officer or a ministerial misinterpretation. (*Lindahl*, 210 Ill. App. 3d at 295; *American National Bank & Trust Co. v. Village of Arlington Heights* (1983),

115 Ill. App. 3d 342, 347-48, 450 N.E.2d 898.) A municipality cannot be estopped by an act of its agent beyond the authority expressly conferred upon that official. (*Lindahl*, 210 Ill. App. 3d at 295; *Rose*, 163 Ill. App. 3d at 651-52.) If a municipality were held bound through equitable estoppel by an unauthorized act of a governmental employee, then the municipality would remain helpless to remedy errors and forced to permit violations "to remain in perpetuity." *City of Chicago v. Unit One Corp.* (1991), 218 Ill. App. 3d 242, 246, 578 N.E.2d 194, citing *Lake Shore Riding Academy, Inc. v. Daley* (1976), 38 Ill. App. 3d 1000, 1003, 350 N.E.2d 17.

■ Representations advanced by an attorney have been held insufficient to bind a municipality under the doctrine of estoppel. *Marx v. State* (1988), 165 Ill. App. 3d 332, 519 N.E.2d 82 (assistant Attorney General); *In re Application of Critton* (1985), 139 Ill. App. 3d 719, 487 N.E.2d 726 (private attorney).

In light of the above principles, we find that plaintiff's amended complaint fails, as a matter of law, to establish an estoppel because the statements made by assistant State's Attorneys cannot be considered affirmative acts on the part of defendant, especially when the assistant State's Attorneys' involvement concerned the workers' compensation claim, not the separate matter of the retaliatory discharge claim. Moreover, the Cook County Board, not the assistant State's Attorneys, had the authority to resolve plaintiff's claims. In addition, estoppel is particularly inappropriate where public revenues are involved. The equities in this case simply do not support the application of estoppel.

Affirmed.

RIZZI and CERDA, JJ., concur.