DARRILYN BOYLES, Plaintiff-Appellee, v. GREATER PEORIA MASS TRANSIT DISTRICT *et al.*, Defendants-Appellants (Robert A. Williams *et al.*, Defendants).

Third District   No. 3—84—0222

Opinion filed May 29, 1985.

O'Hern, Wombacher, Moon & Renner, of Peoria, for appellants.

Lester Berry Smith, Ltd. of Peoria, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

We have granted defendants, Greater Peoria Mass Transit District (district) and Michael L. Brown, leave to appeal, pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), from an order entered March 9, 1984, in the circuit court of Peoria County. That order denied defendants' motion to dismiss counts I and II of plaintiff, Darrilyn Boyles', five-count complaint. The question presented for consideration is whether a cause of action exists for an alleged retaliatory discharge where the plaintiff was covered by a collective bargaining agreement which included grievance and arbitration procedures for wrongful discharge, and those procedures were exhausted without employer-union collusion.

Count I was directed against the defendant district, and count II was directed against Brown. Each count alleged that: (1) plaintiff was employed by the district from March 1979 to May 1982; (2) plaintiff had filed an application for adjustment of claim with the Illinois Industrial Commission; (3) plaintiff was physically unable to return to work due to her work-related injury from the time of her injury until a time after May 10, 1982; (4) on May 10, 1982, the district, through its manager, Michael L. Brown, discharged plaintiff in retaliation for her filing of an application for adjustment of claim and for her persistence in availing herself of the rights and remedies granted pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*); (5) on May 10, 1982, plaintiff was a member of a collective bargaining unit; (6) on May 11, 1982, plaintiff filed a grievance in which she raised a claim that her discharge was in violation of her rights and remedies under the Workers' Compensation Act; and (7) plaintiff demanded arbitration of her discharge which was refused by the local union on May 26, 1982. In each count, plaintiff requested compensatory and punitive damages against the defendant to that count.

In the motion to dismiss, defendants stated that counts I and II fail to state a cause of action because: (1) the tort of retaliatory discharge, as first recognized in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, was created to provide a remedy to "at-will" employees who are discharged for filing a workers' compensation claim; (2) plaintiff was protected by a collective bargaining agreement which included grievance procedures where discharge was for other than "just-cause"; (3) the Illinois Appellate Court in the second, third,

and fourth districts and the Seventh Circuit Court of Appeals had found that no cause of action existed where an employee was not terminable at will and had recourse against an employer under a collective bargaining agreement, although the first district had found such a cause of action to exist; and (4) therefore, plaintiff has no cause of action for retaliatory discharge.

The supreme court has clarified the dispute within the appellate court concerning the validity of a cause of action for retaliatory discharge where the employee is protected by a collective bargaining agreement. In *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 473 N.E.2d 1280, the court stated that "in order to provide a complete remedy it is necessary that the victim of a retaliatory discharge be given an action in tort, independent of any contract remedy the employee may have based on the collective-bargaining agreement." (105 Ill. 2d 143, 149, 473 N.E.2d 1280, 1283.) The court noted that the remedy under such an agreement would be no more than job reinstatement with full back pay, but without any punitive damages.

The court cited the strong public policy against the employer's discharge of an employee in retaliation for the employee's activities and reasoned that if there were no possibility that the employer could be liable in punitive damages, there would be no effective sanction against a violator of this policy.

The decision in *Midgett* was made after the entry of the order on appeal. The defendants, the district and Brown, have been permitted to file a supplemental brief setting forth their position in light of *Midgett*. They contend that the decision is not precedent for this case, because the district is a municipal corporation and, as such, not subject to awards of punitive damages. (*George v. Chicago Transit Authority* (1978), 58 Ill. App. 3d 692, 374 N.E.2d 679.) The thrust of the theory of those defendants is based on the rationale of the supreme court's decision in *Midgett*, which is to provide the improperly discharged employee the opportunity to not only receive back pay but also punitive damages. They reason that the supreme court did not intend to extend the precedent of *Midgett* to cover situations where punitive damages would be unavailable.

We do not agree with the theory of the defense that immunity of the district from punitive damage awards would prevent applicability of the holding in *Midgett* to this case. That court pronounced a broad rule. It made no mention of exceptions to the rule to cover cases where the reason for the rule would not exist in full force, nor did the court mention exceptions to be applicable when the reason for the rule would be nonexistent. If exceptions to the rule are to be created,

the supreme court is the proper tribunal to do so. We need not decide whether the district is immune from punitive damage awards in cases of this nature in order to affirm the order *sub judice.*

The motion upon which counts I and II were dismissed made no mention of the district or its employees' being immune from punitive damage awards. That question must be decided when properly raised in the trial court. Even without the availability of a possible punitive damage award to plaintiff, her remedy by way of a suit in tort will not be exactly parallel to her remedy through grievance procedures. We interpret *Midgett* to entitle her to at least that type of relief.

Accordingly, we affirm the circuit court's order refusing to dismiss counts I and II. The cause is remanded to the circuit court of Peoria County.

Affirmed and remanded.

WEBBER and TRAPP, JJ., concur.