(No. 62074.—

DARRILYN BOYLES, Appellee, v. GREATER PEORIA MASS TRANSIT DISTRICT *et al.*, Appellants.

*Opinion filed October 17, 1986.*

546

Moon, Renner, Couri & Wombacher, of Peoria (William C. Wombacher, of counsel), for the appellants.

Lester Berry Smith, Ltd., of Peoria (M. Michael Waters, of counsel), for appellee.

Illinois Trial Lawyers Association, of Chicago (Robert J. Glenn and David A. Novoselsky, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE. MILLER delivered the opinion of the court:

After being dismissed from her position with the Greater Peoria Mass Transit District, the plaintiff, Darrilyn Boyles, initiated the present lawsuit in the circuit court of Peoria County. In her complaint, in which she seeks compensatory and punitive damages, the plaintiff alleges that she was discharged by the defendant district in retaliation for filing a claim under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, pars. 138.1 through 138.30). The plaintiff named as defendants the transit district, two district supervisors, including

Michael Brown, the manager of the district, and several officers of the labor union that she belonged to.

In a motion to dismiss counts I and II of the complaint, the only counts in which they were named as defendants, the district and Brown charged that plaintiff's complaint failed to state a cause of action against them because, they claimed, the tort of retaliatory discharge is available only to persons employed at will, and not to employees, such as the plaintiff, who were protected by a collective-bargaining agreement. Defendant Robert Williams, director of operations of the district, also moved to dismiss count III of the complaint, in which he was named a defendant on grounds not relevant to this appeal. Counts IV and V of plaintiff's five-count complaint address claims against the other defendants and were not involved in the motion to dismiss.

In an order entered March 9, 1984, the trial judge denied the motion of the district, Brown, and Williams to dismiss counts I, II, and III of the complaint; as to counts I and II, however, the trial judge found that a substantial question of law existed as to whether an employee covered by a collective-bargaining agreement providing grievance and arbitration procedures for wrongful discharge could maintain a common law action for retaliatory discharge against the employer. The district and Brown sought leave to appeal this question of law to the appellate court pursuant to Rule 308 (87 Ill. 2d R. 308). The appellate court granted the defendants leave to appeal.

While the case was pending in the appellate court, this court announced its decision in *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143. The question certified by the trial court was answered in the affirmative by *Midgett's* holding that a union employee may bring a cause of action for retaliatory discharge, independent of the employee's collective-bargaining agreement. The ap-

pellate court granted the district and Brown leave to file a supplemental appellate brief setting forth their position in view of *Midgett*. In the supplemental brief, the district and Brown argued that the rationale underlying the decision in *Midgett* was to extend the tort of retaliatory discharge from "at-will" employees to union employees in order to allow both union and "at-will" employees an opportunity to seek punitive damages. The defendants maintained that because the district is a municipal corporation and not subject to punitive damages, no cause of action under *Midgett* should exist in the present case.

After noting that the punitive damage question had not been raised in the defendants' motion to dismiss filed in the trial court, the appellate court found that it was unnecessary, in resolving the question certified, to decide whether the district is immune from punitive damages in retaliatory discharge cases. The appellate court stated that *Midgett* did not bar the plaintiff from bringing an action for retaliatory discharge, regardless of whether a punitive damage award might be unavailable to the plaintiff. The appellate court then affirmed the trial judge's denial of the motion to dismiss, and remanded the cause to the trial court. 133 Ill. App. 3d 588.

The district and Brown filed a petition for leave to appeal to this court, pursuant to Rule 315 (103 Ill. 2d R. 315). We allowed the defendants' petition. The original question certified by the trial judge was broadened in the appellate court, and in the petition for leave to appeal, to include two related questions now presented here: first, whether the district, as a municipal corporation, is immune from punitive damages; second, whether the district, if immune from punitive damages, may still be sued for the tort of retaliatory discharge. The parties to this appeal addressed the issue in its expanded form in their supplemental briefs to the appellate court, and briefed and argued the broader issue in this court. The

Illinois Trial Lawyers Association was granted leave to file an *amicus curiae* brief in support of the plaintiff's position. The issue involves questions of public importance which may well arise in the future; indeed, the appellate court and this court may be called upon to decide the issue if the plaintiff in the present case proves that she was improperly discharged. Although the trial court has not had the opportunity to address both parts of the issue presented in this appeal, in the interests of efficiency and judicial economy, we will consider at this time whether the district is subject to punitive damages and, if not, whether a retaliatory discharge action may survive absent the availability of punitive damages. See *People ex rel. Baylor v. Bell Mutual Casualty Co.* (1973), 54 Ill. 2d 433, 439.

In count I of the complaint, the plaintiff seeks compensatory and punitive damages from the transit district for what plaintiff asserts was an unlawful retaliatory discharge from her employment with the district. In count II, plaintiff seeks similar relief from defendant Michael Brown, the manager of the district. In counts III, IV, and V, the plaintiff seeks damages from the district's director of operations and from local and international officers of her union on grounds other than those alleged in counts I and II. Only counts I and II of plaintiff's complaint, relating to the retaliatory discharge claims against the district and Brown, are involved in this appeal.

Plaintiff alleged in her complaint that she had been employed by the district from March 19, 1979, until May 10, 1982. Plaintiff stated that on January 10, 1982, she sustained an injury in the course of her employment with the district and, because of the injury, was unable to return to work until after May 10, 1982. On May 10, the district, through its general manager, Michael Brown, terminated the plaintiff's employment with the district.

Plaintiff claimed that she was fired by the district in retaliation for her receipt of disability benefits, medical services, and other benefits under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, pars. 138.1 through 138.30). Plaintiff stated that she was a member of a collective-bargaining unit at the time of her discharge, but that her representative, the Amalgamated Transit Union, Division 416, refused to engage in arbitration with the district concerning the termination of her employment.

In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, this court first recognized a cause of action for retaliatory discharge where employees were terminated for filing workers' compensation claims. The court noted that the public policy embodied in the Workmen's Compensation Act would be seriously undermined if employers were permitted to discharge, or threaten to discharge, employees who sought compensation under the Act. (74 Ill. 2d 172, 182.) Because the court saw compensatory damages as little deterrent to employer misconduct of this kind, the court determined that punitive damages should be available to employees terminated for exercising their rights under the Act. In *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, the court extended the tort remedy for retaliatory discharge to a plaintiff fired for reporting the criminal activity of a co-worker. The court found that terminating an employee for reporting a crime was contrary to the public policy of encouraging citizens to report criminal violations to law-enforcement authorities. Because the plaintiffs in both *Kelsay* and *Palmateer* were at-will employees, however, different districts of the appellate court differed on the question of whether the tort remedy for retaliatory discharge extended to workers covered by collective-bargaining agreements. Compare *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402 (retaliatory discharge

action unavailable to union worker), with *Wyatt v. Jewel Companies, Inc.* (1982), 108 Ill. App. 3d 840 (union worker may sue for retaliatory discharge).

This court announced its decision in *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d· 143, while the present case was pending before the appellate court. In *Midgett*, this court held that no reason exists to afford a tort remedy for retaliatory discharge to at-will employees while limiting union employees to contractual remedies under their collective-bargaining agreements. An important feature of the retaliatory discharge remedy recognized in both *Kelsay* and *Palmateer* was that punitive damages would be available to the injured employee to deter the conduct of the employer. The court explained in *Midgett* that if punitive damages were unavailable to union employees, employers who unjustly discharged a union employee would face only compensatory damages, while an employer who improperly terminated a nonunion employee might be liable for punitive as well as compensatory damages. Also recognized in *Midgett* was the principle established by *Kelsay* that a retaliatory discharge suit is an action in tort, independent of any contract remedy the employee may have under a collective-bargaining agreement. Under *Midgett*, a union member who claims that he was improperly discharged, therefore, need not exhaust his union grievance procedures to bring an action in tort for retaliatory discharge. 105 Ill. 2d 143.

In the present case, the defendant district argues that it is a local public entity which is immune from punitive damages under section 2—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 2—102). The district notes that this court recognized in *Midgett* that the potential for punitive damages in a retaliatory discharge suit deterred employer misconduct. The district argues

that because punitive damages cannot be recovered from a local public entity, including the district, no purpose is served in allowing the plaintiff to bring a retaliatory discharge action against it. Accordingly, the district maintains, the plaintiff, who is covered by a collective-bargaining agreement, should be limited to the grievance procedures and remedies provided under that agreement.

In contrast, the plaintiff and *amicus curiae* Illinois Trial Lawyers Association argue that immunizing the district from punitive damages for retaliatory discharge is contrary to public policy. The plaintiff claims that because retaliatory discharge violates public policy, and because punitive damages are important in deterring retaliatory discharge, imposing punitive damages against a public employer is necessary to force the employer to act responsibly. The plaintiff asserts in the alternative that a retaliatory discharge claim against a public entity may be maintained, even though punitive damages may not be recoverable.

Effective in 1965, the legislature enacted the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, pars. 1—101 through 10—101) (Tort Immunity Act), which imposes various conditions and limitations upon the tort liability of local governmental units. Section 2—102 of the Tort Immunity Act states: "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in an action brought directly against it by the injured party." (Ill. Rev. Stat. 1983, ch. 85, par. 2—102.) "Local public entity" is broadly defined to include counties, municipalities, municipal corporations, and all other local governmental bodies. (Ill. Rev. Stat. 1983, ch. 85, par. 1—206.) Because defendant Greater Peoria Mass Transit District is a municipal corporation, organized pursuant to section 3 of the Local

Mass Transit District Act (Ill. Rev. Stat. 1983, ch. 111⅔, par. 353), the district is a local public entity exempt from punitive damages under section 2—102 of the Tort Immunity Act. The plaintiff's claim against the district is not an action exempt from the protection of the Tort Immunity Act. See Ill. Rev. Stat. 1983, ch. 85, par. 2—101.

Although the plaintiff and *amicus* maintain that public policy precludes insulating the transit district from punitive damages, the express language of the Tort Immunity Act indicates to the contrary. When the legislature speaks upon a subject, public policy is reflected in the resulting statute. (See *Henderson v. Foster* (1974), 59 Ill. 2d 343, 347-48.) In view of the Tort Immunity Act's express prohibition of assessing punitive damages against local governmental entities, we find inherent in the Act a public policy against imposing punitive damage liability on local taxpayers. (*George v. Chicago Transit Authority* (1978), 58 Ill. App. 3d 692; see *City of Newport v. Fact Concerts, Inc.* (1981), 453 U.S. 227, 69 L. Ed. 2d 616, 101 S. Ct. 2748.) We hold that, regardless of whether plaintiff can prove that she was discharged in retaliation for filing a worker's compensation claim, the Tort Immunity Act precludes plaintiff from recovering punitive damages from the district.

Because punitive damages are unavailable against a local public entity, the defendant district claims that little utility remains in plaintiff's suit against the district. The district suggests that the plaintiff should be limited to the grievance procedures and remedies set forth in her collective-bargaining agreement. We must consider, therefore, whether a cause of action in tort for retaliatory discharge may exist absent punitive damages as an available remedy.

This court stated in *Midgett* that a suit for retaliatory discharge is an action in tort, independent of an employee's contract or collective-bargaining agreement.

(*Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 149; see *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 187.) In the present case, plaintiff alleges that she requested her union representative to arbitrate her discharge with the defendant district, but that the union refused to arbitrate the claim. Thus, absent a cause of action against her employer in tort for retaliatory discharge, the plaintiff would be left without an effective remedy.

Although plaintiff may bring a lawsuit against her union for refusing to arbitrate her claim, that remedy alone might not be complete for two reasons. First, the bargaining agent's duty under the contract may be a narrow one, arising, for instance, only where the union representatives themselves determine that plaintiff has a claim worthy of arbitration. The union, in the present case, for example, may not have violated its contractual obligations to plaintiff, even though plaintiff's claim is legitimate. Second, by forcing the employee to sue her union representative, judicial attention is detracted from the true focus of the complaint; that is, whether the employee was improperly discharged by her employer. Whether union representatives also breach their duty to the employee is a question entirely separate from the employer's wrongful conduct. In addition, we note that an award of compensatory damages in tort may provide the plaintiff in the present case with a broader recovery than is possible in an action for contract damages under the collective-bargaining agreement. We conclude, therefore, that the unavailability of punitive damages does not preclude the plaintiff from seeking compensatory damages for what the plaintiff claims was an improper termination of her employment.

We hold that, under appropriate circumstances, an employee may bring an action for retaliatory discharge against a local public entity employer for compensatory

damages, even though the public entity is not subject to an award of punitive damages. Under our holding, only the damages available are restricted; the cause of action in tort for retaliatory discharge remains unchanged.

We decline to consider defendant Brown's contention that Brown is not liable as an individual for the improper discharge of the plaintiff. This issue was not raised in, or addressed by, either the trial court or the appellate court. The issue was also not raised in the petition for leave to appeal to this court filed by defendants Brown and the district. We find that the defendants' cursory introduction of the issue in the final two sentences of their brief to this court, without more, does not sufficiently present the issue for consideration.

We affirm the judgment of the appellate court and remand the cause to the circuit court of Peoria County for proceedings consistent with this opinion.

*Affirmed and remanded.*