No. 2--01--0729 

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

WILLIAM VORPAGEL, ) Appeal from the Circuit Court

                  ) of Lake County.

     Plaintiff-Appellant,       )

                                )

v. ) No. 00--L--676

)

MAXELL CORPORATION OF AMERICA,  )  Honorable 

) John R. Goshgarian,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BYRNE delivered the opinion of 
the
 court:

Plaintiff, William Vorpagel, appeals the order of the circuit court dismissing his complaint in which he alleged that defendant, Maxell Corporation of America, discharged him in retaliation for his cooperating in the criminal investigation of a co-employee.  Plaintiff contends that the trial court erred in dismissing the complaint because it states a claim for retaliatory discharge even though the co-employee's crime had no connection with plaintiff's work.  We reverse and remand.

Plaintiff's first amended complaint, which is at issue here, alleges the following.  Defendant employed plaintiff as a warehouse supervisor.  Plaintiff had worked for defendant for 17 years without receiving a reprimand of any sort.  His immediate supervisor was the warehouse manager, John Maloney.

In 1999, Maloney was charged with various sexual offenses based on his alleged sexual relationship with his minor daughter.  At some point, Maloney made incriminating statements to plaintiff.  Plaintiff contacted the Lake County State's Attorney's office and reported what Maloney told him.  Plaintiff later gave a written statement detailing Maloney's admissions.  This statement, along with a supplemental witness list that included plaintiff's name, was tendered to Maloney's attorney in the criminal case.  His attorney, in turn, gave the documents to Maloney.

Soon after Maloney received plaintiff's statement, Maloney told plaintiff he did not want him working for him any more.  On April 19, 2000, Maloney pleaded guilty to two criminal charges and was sentenced to 48 months' probation, including 36 months' periodic imprisonment.

According to plaintiff's complaint, Maloney began an orchestrated effort to fabricate false allegations of misconduct against plaintiff in order to secure his discharge.  Maloney got other employees to sign off on false write-ups and grievance complaints and threatened other employees to sign grievances containing false allegations of misconduct by plaintiff.  On May 4, 2000, defendant gave plaintiff a written warning that his job performance was substandard in every area and that he would be terminated in 30 days if he did not improve.  On June 9, 2000, Maloney, "acting in his official capacity for Maxell," discharged plaintiff.  The complaint alleged that plaintiff's discharge was motivated by his cooperation with the criminal investigation against Maloney and as such violated Illinois's public policy favoring the investigation and prosecution of crime.

The trial court granted defendant's motion to dismiss the amended complaint.  The court stated that the complaint did not state a cause of action for retaliatory discharge because it alleged that plaintiff was discharged for reporting nonwork-related conduct and because there was no "nexus" between the protected activity and the discharge.  After the court denied his motion to reconsider, plaintiff filed a timely notice of appeal.

Plaintiff contends that his complaint states a cause of action for retaliatory discharge.  The complaint alleges that plaintiff was fired in retaliation for engaging in a protected activity: assisting in the prosecution of crime.  According to plaintiff, the public policy favoring the investigation and prosecution of crime is the same regardless of whether the crime occurs in the workplace.  Thus, plaintiff contends that the trial court erred in distinguishing between work-related and nonwork-related crimes.  Plaintiff also contends that his complaint adequately alleges a "nexus" between the protected activity and his firing.

Defendant responds that Illinois's courts have repeatedly cautioned against expanding the tort.  Further, no reported case has found a cause of action for retaliatory discharge based on a report of nonwork-related criminal conduct.

The trial court dismissed plaintiff's complaint pursuant to section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615 (West 2000)).  In ruling on a section 2--615 motion, the court must take as true all well-pleaded facts and draw all reasonable inferences in the plaintiff's favor.  
Ziemba v. Mierzwa
, 142 Ill. 2d 42, 46-47 (1991).  Dismissal is appropriate only if it is clear that the plaintiff can prove no set of facts that would entitle him or her to recover.  
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 483 (1994).  We review a section 2--615 dismissal 
de novo
.  
Stebbings v. University of Chicago
, 312 Ill. App. 3d 360, 364 (2000).

The general rule in Illinois remains that an employer may fire an at-will employee for any reason or no reason.  
Stebbings
, 312 Ill. App. 3d at 365; 
Howard v. Zack Co.
, 264 Ill. App. 3d 1012, 1021 (1994).  In 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d 172 (1978), the supreme court carved out an exception to the rule by creating a cause of action for an employee who was fired in retaliation for filing a worker's compensation claim.  In 
Palmateer v. International Harvester Co.
, 85 Ill. 2d 124 (1981), the court expanded the retaliatory discharge tort to cover "whistleblowers" who were discharged for cooperating in a criminal investigation.  The elements of a retaliatory discharge cause of action are that a plaintiff (1) has been discharged; (2) in retaliation for his or her activities;  and (3) the discharge violates a clear mandate of public policy.  
Stebbings
, 312 Ill. App. 3d at 365.

In 
Palmateer
, the court found that Illinois's public policy clearly favors the investigation and prosecution of crime and, accordingly, protects "citizen crime-fighters."  The court stated, "There is no public policy more basic, nothing more implicit in the concept of ordered liberty ***" than the enforcement of a state's criminal code.  
Palmateer
, 85 Ill. 2d at 132.  The court further emphasized the importance of this policy, stating:

" 'Public policy favors the exposure of crime, and the cooperation of citizens possessing knowledge thereof is essential to effective implementation of that policy.' " 
Palmateer
, 85 Ill. 2d at 132-33, quoting 
Joiner v. Benton Community Bank
, 82 Ill. 2d 40, 44 (1980).

Significantly, 
Palmateer
 never identifies the specific crime that the plaintiff reported and whether it was work related.  It appears that the complaint did not include this information, and the court did not find the omission significant.  The opinion states only that the plaintiff was discharged for supplying information to a law-enforcement agency "that an IH employee might be violating the Criminal Code."  
Palmateer
, 85 Ill. 2d at 132.

The pronouncements in 
Palmateer
 about the importance of enforcing the state's criminal laws apply with equal force whether or not the alleged crime is connected with a plaintiff's employment.  Nothing in 
Palmateer
 indicates an intention to restrict the cause of action to employees who report crimes directly connected with their employment.  In fact, the allegations held to state a cause of action in 
Palmateer
 are nearly identical to those in this case except that here plaintiff names the specific crime of which Maloney was suspected.  There is no reason for reaching a different result in this case merely because plaintiff supplied details that the supreme court deemed unnecessary.

Defendant cites numerous cases for the proposition that Illinois's courts have continually declined to expand the scope of the retaliatory discharge tort.  However, plaintiff is not arguing for an expansion of the tort.  Rather, his claim is already within its contours as defined in 
Palmateer
.

Defendant also argues that all of the reported cases concern crimes occurring within or connected to a plaintiff's workplace.  As noted, 
Palmateer
 does not specifically state whether the crime was connected with plaintiff's employment.  With that important exception, defendant's empirical analysis is correct.  However, it is of limited value in deciding whether retaliatory discharge applies to the reporting of a fellow employee's private conduct.  The cases defendant cites were simply decided on their facts.  Defendant cites no case that specifically refused to find a cause of action based on the reporting of nonwork-related conduct.  As plaintiff points out, an employee is more likely to encounter criminal conduct while on the job than he is to learn about purely private, nonwork-related conduct of a fellow employee, and this presumably accounts for the fact that cases involving work-related conduct are more common.

Defendant also contends that plaintiff cannot state a cause of action because he did not "report" any criminal conduct.  Rather, it appears that the investigation of Maloney was already underway and plaintiff merely agreed to give a statement and provide potential testimony of unknown evidentiary value.  This contention, too, is refuted by 
Palmateer
.  The court observed that public policy favored the plaintiff's volunteering of information to a law-enforcement agency.  It also protected his "agreement to assist in the investigation and prosecution of the suspected crime."  
Palmateer
, 85 Ill. 2d at 133.  Similarly, in 
Bartley v. University Asphalt Co.
, 129 Ill. App. 3d 231 (1984), 
rev'd in part on other grounds
, 111 Ill. 2d 318 (1986), which defendant cites in another portion of its brief, 
the
 plaintiff stated a cause of action even though he cooperated in a Federal Bureau of Investigation (FBI) investigation that presumably was already underway.  
Bartley
, 129 Ill. App. 3d at 233.

Implicit in this argument seems to be the idea that plaintiff's motives may not have been entirely pure.  Perhaps plaintiff saw an opportunity for career advancement when he tried to help secure his supervisor's conviction of a serious crime.  However, we believe that the existence of a mixed motive is irrelevant under 
Palmateer
. 

In summary, 
Palmateer
 does not require that the conduct reported be work related.  The complaint should not have been dismissed on this basis.

The trial court also stated that the complaint did not show a "nexus," or causal link, between plaintiff's statement to the prosecutor and his termination.  Defendant advances five reasons why the complaint does not allege such a connection.  We consider these contentions in turn.

Defendant first contends that the 10-month interval from the time plaintiff gave his statement until he was fired is too long as a matter of law to show proximate cause.  Ordinarily, proximate cause is a question of fact for the jury.  
Diehl v. Polo Cooperative Ass'n
, 328 Ill. App. 3d 576, 582 (2002).  Defendant cites no authority for the premise that causation automatically becomes too attenuated after the passage of a certain amount of time.

Here, the complaint alleges that plaintiff worked for defendant for 17 years with an unblemished record.  However, within 
two weeks
 of Maloney's guilty plea, he began receiving negative evaluations.  According to plaintiff, Maloney began a campaign of false reports against plaintiff in order to justify his firing, which took place about one month later.  Taking these facts as true, plaintiff has clearly established a causal connection between his protected activity and his discharge.

In reaching this conclusion, we disagree with defendant's premise that the time between when plaintiff first reported Maloney's statements to prosecutors and his discharge--approximately 10 months--is of overriding significance in assessing causation.  Again we note plaintiff's allegation that Maloney began a campaign of harassment within two weeks after the guilty plea.  Clearly, Maloney had good reason to wait until the criminal charges were resolved before taking action against plaintiff.  Maloney may have believed he could persuade plaintiff not to testify but would have lost this leverage had he fired him.  Moreover, it would not have helped Maloney's cause for the jury or the sentencing judge to learn that he had fired one of the witnesses against him.  Such conduct itself might have been criminal.  See 720 ILCS 5/32--4a(a) (West 2000).  Plaintiff alleges that Maloney began laying the groundwork to have plaintiff discharged almost immediately after his guilty plea resolved the charges.  This is an appropriate date from which to determine whether plaintiff's report of criminal activity and his discharge are causally related.

None of the cases defendant cites requires a different result.  Defendant cites several federal cases for the proposition that, when "a significant period of time has passed between the employee's activities and the discharge, courts routinely hold as a matter of law that there is no causal link and the retaliation claim is dismissed."  However, all of these cases were decided on motions for summary judgment, not motions to dismiss.  Therefore, the factual record was more developed than in this case.

In most cases, the employers had proffered legitimate reasons for the firings or layoffs.  For example, in 
Lamas v. Freeman Decorating Co.
, 81 F. Supp. 2d 887 (N.D. Ill. 1999), the plaintiff filed a complaint with the Equal Opportunity Employment Commission in July 1993.  On June 23, 1994, he was fired, ostensibly for insubordination.  The court granted summary judgment to 
the
 defendant on 
the
 plaintiff's complaint for retaliatory discharge.  The court noted that, despite the lapse of time, 
the
 plaintiff 
could
 have made out a 
prima facie
 case of retaliatory discharge.  However, he failed to show any additional facts that cast suspicion on the employer's stated reason for the firing.  Given the one-year interval between the filing of the complaint and his discharge, the complaint 
standing alone
 was insufficient to create the inference of a retaliatory motive.  
Lamas
, 81 F. Supp. 2d at 889.

Cases such as 
Lamas
 clearly refute the contention that the passage of time destroys causation as a matter of law.  
Lamas
 merely held that 
the
 plaintiff did not provide sufficient facts to defeat summary judgment in the face of the employer's legitimate reason for its action.  Here, as detailed above, plaintiff pleads a much stronger causal link than did Lamas.  Moreover, at this stage of the proceedings, defendant has not even articulated a legitimate reason for firing plaintiff.  In 
Bartley
, the appellate court reinstated the complaint even though it alleged that 
the
 plaintiff was fired 
two years
 after he participated in the FBI investigation.  
Bartley
, 129 Ill. App. 3d at 233.  Thus, we reject defendant's contention that the complaint fails to establish causation.

Defendant next contends that the complaint does not allege that Maloney knew plaintiff was cooperating with the prosecutors.  Even a casual review of the complaint refutes this contention.  Plaintiff alleges that a prosecutor gave Maloney's lawyer a copy of plaintiff's statement and an updated witness list including plaintiff's name.  Within a month of his guilty plea, Maloney began a campaign of harassment against plaintiff resulting in his firing.  Clearly, a fact finder could infer from these facts that Maloney knew that plaintiff had offered to testify against him.

Defendant acknowledges the allegation that Maloney received the witness statement from his attorney, but contends that "there is no factual basis to support" this allegation.  We are aware of no requirement that a plaintiff specifically identify the source of each allegation in a complaint.  In ruling on a section 2--615 motion, the court must accept as true all well-pleaded facts and draw all reasonable inferences from those facts.  
Kolegas v. Heftel Broadcasting Corp.
, 154 Ill. 2d 1, 8-9 (1992).  The court must interpret the allegations in the light most favorable to the plaintiff.  
Kolegas
, 154 Ill. 2d at 9.  A plaintiff need not set forth evidence, which may well be derived from later discovery.  
Wolinsky v. Kadison
, 114 Ill. App. 3d 527, 536 (1983).  Applying these principles, plaintiff's allegations are more than sufficient to allege that Maloney knew that plaintiff intended to testify against him.  Moreover, because plaintiff alleges that Maloney was "acting in his official capacity for Maxell," this knowledge can be imputed to defendant as well.  See 
Ratliff v. Safeway Insurance Co.
, 257 Ill. App. 3d 281 (1993).

Defendant next contends that plaintiff cannot establish a causal link based on Maloney's sentencing date.  We have already rejected this contention in our discussion of the general causation issue.

Defendant argues that plaintiff cannot predicate a cause of action on allegedly retaliatory conduct short of discharge.  Defendant refers to plaintiff's allegations that Maloney falsely accused plaintiff of misconduct and encouraged others to do so.  We agree that Illinois does not recognize a cause of action for retaliatory conduct short of discharge.  See 
Zimmerman v. Buchheit of Sparta, Inc.
, 164 Ill. 2d 29, 38-39 (1994).  However, plaintiff does not attempt to state a cause of action based on Maloney's actions before firing him.  Those allegations are intended to demonstrate Maloney's retaliatory motive and to show the course of conduct that led to plaintiff's termination.  Plaintiff does not suggest that this conduct is independently actionable.

Defendant's final contention is that the complaint is insufficient because it fails to ascribe a retaliatory motive to defendant (as opposed to Maloney).  This argument, too, is based on a misreading of the cases.

Maxell, a corporation, cannot have a motive to do anything.  Corporations can only act through their agents.  
Small v. Sussman
, 306 Ill. App. 3d 639, 647 (1999). 

The cases defendant cites do not help it and actually tend to support plaintiff's position.  In 
Buckner v. Atlantic Plant Maintenance, Inc.
, 182 Ill. 2d 12 (1998), the supreme court held that 
the
 plaintiff could not maintain a cause of action for retaliatory discharge against his individual supervisor.  The court held that, because only "the employer" ultimately had the power to discharge 
the
 plaintiff, the policy considerations that led to the creation of the retaliatory discharge cause of action supported holding the employer liable.  
Buckner
, 182 Ill. 2d at 20-21.  The court stated, "Obviously, an agent or employee of the employer may carry out that function on the employer's behalf, but it is still the authority of 
the employer
 which is being exercised."  (Emphasis in original.)  
Buckner
, 182 Ill. 2d at 21.

Generally, a principal is liable for the acts of its agent committed within the scope of his authority.  
Brubakken v. Morrison
, 240 Ill. App. 3d 680, 686 (1992).  Nothing in 
Buckner
 suggests that this principle does not apply in retaliatory discharge cases.  Although for policy reasons the 
Buckner
 court declined to extend the cause of action to the agent, the opinion clearly implies that the principal would be liable.

Here, plaintiff alleges, although inartfully, that Maloney was acting as Maxell's agent when he fired plaintiff and, inferentially, that defendant ratified the decision.  Defendant has not convinced us that anything more was required.

We are aware of no requirement that for a plaintiff to state a cause of action for retaliatory discharge, he must allege that his firing was in the corporation's best interest, as opposed to that of the individual manager who carried it out.  In 
Belline v. K-Mart Corp.
, 940 F.2d 184 (7th Cir. 1991), another case defendant cites, 
the
 plaintiff reported to his superiors his suspicions that a store manager, Dobberke, was allowing someone to take merchandise from the store without paying for it.  The manager was transferred to another store but his successor fired plaintiff, stating, " 'You got Dobberke, I got you.' " 
Belline
, 940 F.2d at 186.

It is apparent that it would have been in the corporation's best interest to retain the employee who was trying to prevent the theft of its property and that the firing was carried out by the new manager for reasons of his own.  Nevertheless, the court upheld the cause of action against the corporation.  
Belline
, 940 F.2d at 187-89.

In 
Thomas v. Zamberletti
, 134 Ill. App. 3d 387 (1985), the complaint was defective because it failed to ascribe a retaliatory motive to either the agent or the principal, thus failing to plead an essential element of the cause of action.  
Thomas
, 134 Ill. App. 3d at 390.  The remaining cases defendant cites did not involve retaliatory discharge actions and thus are unhelpful.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

O'MALLEY and GROMETER, JJ., concur.