No. 2--05--0628    Filed: 6-6-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| GREGORY A. SMITH, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 02--L--901 |
| | ) | |
| THE WAUKEGAN PARK DISTRICT, | ) | Honorable |
| | ) | Stephen E. Walter, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the opinion of the court:

Plaintiff, Gregory A. Smith, sued defendant, the Waukegan Park District, for retaliatory discharge. The trial court dismissed the complaint (see 735 ILCS 5/2--619(a)(9) (West 2002)), holding that defendant was immune under the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1--101 et seq. (West 2002)). Plaintiff appeals. We affirm.

Plaintiff's complaint alleged as follows. Plaintiff, a seasonal park maintenance worker, was injured on the job and filed a claim for workers' compensation benefits (see 820 ILCS 305/1 et seq. (West 2002)). When plaintiff was released for work, defendant required him to take a drug/alcohol test. Plaintiff refused because he believed the demand was retaliatory harassment for filing his claim for workers' compensation benefits. Soon afterward, defendant fired plaintiff, ostensibly for refusing to take the drug/alcohol test, but in reality for filing a workers' compensation claim.

Defendant moved to dismiss the complaint. It relied on section 2--201 of the Act, which states, "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused" (745 ILCS 10/2--201 (West 2002)), and on section 2--109 of the Act, which states, "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable" (745 ILCS 10/2--109 (West 2002)). Defendant contended that, because firing plaintiff was both a policy determination and a discretionary act (see Harinek v. 161 North Clark Street Ltd. Partnership, 181 Ill. 2d 335, 341 (1998)), Michael Trigg, the employee who fired plaintiff, was immune under section 2--201, making defendant immune under section 2--109.

Defendant's motion attached an affidavit from Trigg, defendant's superintendent of parks, stating as follows. Trigg was responsible for deciding whether to terminate or discipline employees who worked in the park maintenance department. Defendant's drug and alcohol policy allowed testing an employee if there was a reasonable suspicion that he or she was under the influence. After learning that plaintiff had admitted that he used marijuana every morning and every evening, Trigg asked plaintiff to take a drug test. Plaintiff refused, so Trigg fired him. In deciding to do so, Trigg considered the public safety; the legal and financial risks arising from retaining plaintiff; the public's confidence in defendant; and the precedent that firing plaintiff would set for other employees.

In response to the motion to dismiss, plaintiff argued first that, although section 2--109 of the Act protects local public entities from vicarious liability for their employees' torts, it does not protect them from liability for their own torts. Thus, he maintained, because only employers and not employees can be liable for retaliatory discharge (Buckner v. Atlantic Plant Maintenance, Inc., 182 Ill. 2d 12, 13 (1998)), sections 2--109 and 2--201 of the Act did not affect his claim. Plaintiff argued

second that, even if the Act applied, dismissing the complaint would be premature because the court could not yet decide whether Trigg's firing of plaintiff was a discretionary policy determination.

In reply, defendant again argued that, because Trigg was immune under section 2--201, defendant was immune under section 2--109. Defendant contended that Trigg's unrebutted affidavit established as a matter of law that, in firing plaintiff, he had determined policy and exercised discretion. Defendant argued alternatively that it was absolutely immune because Buckner held that an employee cannot be liable for retaliatory discharge and section 2--109 states that a local public entity is not liable if its employee is not liable.

The trial court dismissed the complaint without prejudice. Plaintiff appealed, but we dismissed the appeal because the dismissal was not a final order. Smith v. Waukegan Park District, No. 2--03--1020 (2004) (unpublished order under Supreme Court Rule 23). The trial court then dismissed the complaint with prejudice, and plaintiff timely appealed.

On appeal, plaintiff contends that the Act does not immunize local public entities from liability for retaliatory discharge. He argues that Buckner cannot be read to imply such a broad rule and he maintains that Boyles v. Greater Peoria Mass Transit District, 113 Ill. 2d 545 (1986), holds that local public entities are not immune from liability for retaliatory discharge.

Defendant responds first that Boyles does not hold that local public entities are never protected by the Act against claims of retaliatory discharge and that, under Cross v. City of Chicago, 352 Ill. App. 3d 1 (2004), a First District opinion, an employer is immune if the employee who discharged the plaintiff did so in the determination of policy and the exercise of discretion.[1]

---

[1] Defendant observes that plaintiff's opening brief does not even mention, much less attempt, to distinguish Cross. We agree that plaintiff's omission is improper. See 134 Ill. 2d R. 3.3(a).

Defendant responds second that, even if section 2--201 of the Act is irrelevant, section 2--109 still immunizes local public entities from liability for the tort.

An action may be dismissed under section 2--619(a)(9) of the Code of Civil Procedure when it is barred by an affirmative matter that defeats the claim or avoids its legal effect. 735 ILCS 5/2--619(a)(9) (West 2004); Turner v. Fletcher, 302 Ill. App. 3d 1051, 1055 (1999). A dismissal under section 2--619 is reviewed de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 116 (1993). To decide whether defendant here is immune, we must construe the pertinent provisions of the Act. Statutory construction raises issues of law that are reviewed de novo. In re D.D., 196 Ill. 2d 405, 418 (2001). Our primary objective is to determine and effectuate the legislature's intent. People ex rel. Department of Public Aid v. Smith, 212 Ill. 2d 389, 397 (2004). This effort begins with the statutory language itself. Smith, 212 Ill. 2d at 397. If the language is unambiguous, we must give it effect without reading in exceptions, limitations, or conditions that the legislature did not include. People v. Rivera, 198 Ill. 2d 364, 371 (2001); Garza v. Navistar International Transportation Corp., 172 Ill. 2d 373, 378 (1996).

Section 2--109 of the Act states that a local public entity is "not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2--109 (West 2002). This language is both unambiguous and categorical. It states that if the employee is not liable for his act--regardless of why the employee is not liable--then the local public entity is not liable. In Buckner, the supreme court ruled that an action for retaliatory discharge may be brought against only the former employer and not against the employer's agent. Buckner, 182 Ill. 2d at 22. In fact, the Buckner court specifically held that the "employee who carries out the employer's

However, we decline defendant's request to impose the harsh sanction of dismissing the appeal.

decision to fire will not be subject to personal liability for retaliatory discharge." Buckner, 182 Ill. 2d at 22. Although Buckner involved a private employer, nothing in the opinion limits its reach to private employers. Thus, because an employee of a local public entity is not liable for retaliatory discharge, it would follow that, under section 2--109 of the Act, the local public entity is not liable either.

However, plaintiff argues that section 2--109 of the Act is not applicable, because retaliatory discharge does not concern "an injury resulting from an act or omission of its employee." Plaintiff cites the Buckner court's statement that, "logically speaking, only 'the employer' has the power to hire or fire an employee. Obviously, an agent or employee of the employer may carry out that function on the employer's behalf, but it is still the authority of the employer which is being exercised. If the discharge violated public policy, it is the employer who is rightly held liable for damages." Buckner, 182 Ill. 2d at 21. Plaintiff argues that this statement implies that the injury in a retaliatory discharge action cannot result from the act of an employee. We disagree.

That an employer is solely liable for the tort of retaliatory discharge does not mean that a plaintiff's injury did not result from the actions of the employee, as required by 2--109. First, the Buckner court acknowledged that the agent or employee carries out the employer's decision. Buckner, 182 Ill. 2d at 21. Second, in Vorpagel v. Maxell Corp. of America, 333 Ill. App. 3d 51, 58 (2002), this court noted that a corporation can act only through its agents. The Vorpagel court went on to hold that the retaliatory conduct of an agent formed the basis of a cause of action for retaliatory discharge against an employer and that nothing in Buckner suggests that a principal cannot be liable for retaliatory discharge on the basis of the acts of the agent. Vorpagel, 333 Ill. App. 3d at 58. Thus, although only an employer can be liable for retaliatory discharge, an agent's actions can cause the injury itself. As a result, section 2--109 applies.

Moreover, because a local entity, like a corporation, can act only through its employees (Vorpagel, 333 Ill. App. 3d at 58), any act of retaliatory discharge would be carried out by an employee. Buckner, 182 Ill. 2d at 21. As a result, because an employee act effectuates the injury and because an employee can never be liable for retaliatory discharge, pursuant to the plain language of section 2-109, a local public entity is immune to actions for retaliatory discharge. Accordingly, in this case, Trigg cannot be liable for firing plaintiff, and defendant is therefore immune for the injury resulting from Trigg's act.

Plaintiff raises three objections to this reasoning. First, he argues that, in Buckner, the supreme court did not intend "to abolish all retaliatory discharge actions against local public entities." Of course, this statement is true. Whether local public entities are immune to retaliatory discharge suits was not an issue in Buckner, so it is no surprise that the opinion does not address that question. However, defendant has not contended, and we do not hold, that Buckner by itself establishes any such immunity for local public entities. Buckner simply provides the minor premise in the operative syllogism: employers are immune if employees are not liable; employees are not liable; therefore, employers are immune. Plaintiff's first objection is therefore untenable.

Second, plaintiff notes that there have been published cases in which former employees of local public entities brought retaliatory discharge actions and that in none of these cases (other than Cross) did the court of review hold that the Act made the employer absolutely immune from liability for retaliatory discharge. See Halleck v. County of Cook, 264 Ill. App. 3d 887 (1994); Sloan v. Jasper County Community Unit School District No. 1, 167 Ill. App. 3d 867 (1988); Carter v. City of Elmwood, 162 Ill. App. 3d 235 (1987). Again, what plaintiff says is correct, but does not help to resolve this case.

The Act creates an affirmative defense that can be waived, not a bar to a court's jurisdiction (see Henrich v. Libertyville High School, 186 Ill. 2d 381, 387 (1998); Mazin v. Chicago White Sox, Ltd., 358 Ill. App. 3d 856, 860 (2005)). Thus, if a local public entity does not assert that it is immune under section 2--109 of the Act, there is no reason for a court to reach the issue. And, in none of the cases that plaintiff cites did the defendant claim immunity under section 2--109 or did the appellate court decide whether the defendant was immune under that section. In Halleck, the defendant contended that the plaintiff's suit was untimely under the Act. The trial court agreed and dismissed the complaint. Halleck, 264 Ill. App. 3d at 888. The appellate court affirmed on that ground. Halleck, 264 Ill. App. 3d at 888; see 745 ILCS 10/8--101 (West 1992). There was no reason for the appellate court to consider whether the defendant was immune, so it did not. In Sloan, it appears that the Act was never raised or discussed. The opinion does not allude to it at all. In Carter, the municipality never contended that it was immune under section 2--109 of the Act, and the "only *** question" before the appellate court was whether the complaint was barred by section 2--205 of the Act (Ill. Rev. Stat. 1985, ch. 85, par. 2--205) because the plaintiff's discharge was the result of legislative action. Carter, 162 Ill. App. 3d at 236. We cannot agree with plaintiff that these three opinions create any precedent on the issue of whether section 2--109 of the Act provides local public entities immunity against claims of retaliatory discharge.

Third, in his reply brief plaintiff contends that the trial court's decision, and the opinion in Cross, is inconsistent with the supreme court's opinion in Boyles. Plaintiff seizes on the following language:

> "We hold that, under appropriate circumstances, an employee may bring an action for retaliatory discharge against a local public entity employer for compensatory damages, even though the public entity is not subject to an award of punitive damages. Under our holding,

only the damages available are restricted; the cause of action in tort for retaliatory discharge remains unchanged." Boyles, 113 Ill. 2d at 555-56.

According to plaintiff, to hold that defendant is immune under the Act would ignore this binding pronouncement otherwise. We disagree. We conclude that the quoted passage does not address whether the Act provides a local public entity with the affirmative defense of immunity to a claim of retaliatory discharge, but only whether and when a plaintiff can, in the first instance, state a cause of action against a local public entity for that tort. To explain our conclusion, we examine Boyles in depth.

In Boyles, the plaintiff had worked under a collective-bargaining agreement. She filed a complaint for retaliatory discharge, seeking both compensatory and punitive damages. The first two counts of her complaint were directed against her former employer, a mass transit district, and its manager, Brown (the defendants). They moved to dismiss these counts, contending that only at-will employees may recover for retaliatory discharge.[2] The trial court denied the motion, but the appellate court granted the defendants leave to appeal (see 87 Ill. 2d R. 308) on the certified question of "whether an employee covered by a collective-bargaining agreement providing grievance and arbitration procedures for wrongful discharge could maintain a common law action for retaliatory discharge against the employer." Boyles, 113 Ill. 2d at 548. While the appeal was pending, the

[2]On appeal to the supreme court, Brown also argued that, as an individual, he could not be liable for retaliatory discharge. The court held that the issue was waived and did not consider it. Boyles, 113 Ill. 2d at 556. Of course, in Buckner, the supreme court agreed with Brown's contention that a retaliatory discharge action against an individual who is merely the agent of the employer does not state a cause of action.

supreme court decided <u>Midgett v. Sackett-Chicago, Inc.</u>, 105 Ill. 2d 143 (1984), which answered the certified question affirmatively. The appellate court allowed the defendants to file a supplemental brief responding to <u>Midgett</u>.

In the supplemental brief, the defendants did not contend that the Act immunized them from liability for retaliatory discharge. Instead, they argued that (a) the supreme court did not intend <u>Midgett</u> to provide a cause of action for retaliatory discharge in a case where no punitive damages are available; (b) under <u>George v. Chicago Transit Authority</u>, 58 Ill. App. 3d 692 (1978), punitive damages were unavailable because no statute specifically authorized them; therefore, (c) the plaintiff had no cause of action. <u>Boyles v. Greater Peoria Mass Transit District</u>, 133 Ill. App. 3d 588, 590 (1985). The appellate court disagreed. Without deciding whether punitive damages were recoverable, the court refused to limit <u>Midgett</u> and held that it established categorically that a union employee may recover for retaliatory discharge, whether or not punitive damages are available. <u>Boyles</u>, 133 Ill. App. 3d at 590-91.

On the defendants' appeal, the supreme court certified two questions for decision: (1) whether the district, as a municipal corporation, was immune from punitive damages; and (2) "whether the district, if immune from punitive damages, <u>may still be sued</u> for the tort of retaliatory discharge." (Emphasis added.) <u>Boyles</u>, 113 Ill. 2d at 549. We note that the court did not frame the second issue as whether, assuming that punitive damages were unavailable, the Act immunized the defendants from liability for compensatory damages. Instead, the issue was whether, assuming that punitive damages were unavailable, the district could still <u>be sued</u> for retaliatory discharge. There is a difference between asking whether a defendant may invoke an affirmative defense to a complaint and asking whether the defendant may be sued at all. The supreme court's phraseology was

consistent with how the case had been litigated throughout: the defendants had not asserted that the Act provided a defense to liability for compensatory damages in a retaliatory discharge suit.

The court answered the first certified question by relying on section 2--102 of the Act, which expressly stated that a local public entity was not liable for punitive damages in an action brought directly against it by the injured party. Boyles, 113 Ill. 2d at 553-54; see Ill. Rev. Stat. 1983, ch. 85, par. 2--102 (now 745 ILCS 10/2--102 (West 2004)).  The court then turned to the second question. Again, it did not phrase the issue as whether the Act's affirmative defenses applied against a retaliatory discharge claim but as "whether a cause of action in tort for retaliatory discharge may exist" against a local public entity absent the availability of punitive damages.  (Emphasis added.) Boyles, 113 Ill. 2d at 554.  Again, the court's choice of words was precise.  The defendants did not contend that the Act provided immunity but that, with only compensatory damages available, the plaintiff should have no cause of action at all because she could obtain full compensation through the remedies provided by the collective-bargaining agreement.  Boyles, 113 Ill. 2d at 554.

The court rejected the defendants' argument, reasoning that a collective-bargaining agreement would not necessarily provide a complete remedy for a retaliatory firing.  For instance, the union might refuse to arbitrate the claim, as the plaintiff contended had happened to her.  In that eventuality, a suit against the intransigent union would not necessarily provide all of the relief available in an action for retaliatory discharge. Boyles, 113 Ill. 2d at 555.  Thus, in the plaintiff's case, "absent a cause of action against her employer in tort for retaliatory discharge, the plaintiff would be left without an effective remedy."  (Emphasis added.)  Boyles, 113 Ill. 2d at 555.  Again, the court did not resolve whether the defendants could invoke the Act, but only whether, in the first instance, a cause of action should exist against them.

It was at this point in its opinion that the court made the pronouncement on which plaintiff now relies--that, "under appropriate circumstances, an employee may bring an action for retaliatory discharge against a local public entity employer" and that, although punitive damages will be unavailable, the "cause of action *** [will remain] unchanged." (Emphasis added.) Boyles, 113 Ill. 2d at 555-56. Here, the court said no more about the availability of the Act as a defense than it did earlier in its opinion. The court did not suddenly announce a limit on the availability of the Act as an affirmative defense against a cause of action for retaliatory discharge. As before, it decided only that the cause of action existed.

We conclude that nothing in Boyles requires us to hold that the Act may not be used as an affirmative defense to a claim of retaliatory discharge. The issue of whether the Act provides a defense to an action for compensatory damages for retaliatory discharge was never raised, decided, or even discussed in Boyles. Because nothing in Boyles or any other supreme court opinion has resolved this issue, we are free to do so today, and we hold that section 2--109 of the Act provides a local public entity with complete immunity to such an action.[3] Therefore, plaintiff's third argument also fails.

Before concluding our analysis, we must note that while we reach the same result that we would have reached by following Cross, we depart from it insomuch as it holds that a local public entity is immunized from liability for retaliatory discharge only if the plaintiff's termination resulted from "an act of a public employee in the exercise of a discretionary policy determination." Cross, 352 Ill. App. 3d at 11.

---

[3]Of course, the immunity is waived if it is not properly invoked. Henrich, 186 Ill. 2d at 387; Mazin, 358 Ill. App. 3d at 860.

In Cross, the plaintiff sued the City of Chicago (City) for retaliatory discharge. The City moved for summary judgment, contending (as defendant here has contended in part) that the Act immunized it from liability for its discretionary policy decision to discharge the plaintiff. Cross, 352 Ill. App. 3d at 2. The trial court granted the motion. The plaintiff appealed. On appeal, the City reiterated its argument. It relied on the interplay of section 2--201, which protects an employee of a local public entity from liability for " 'an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused' " (Cross, 352 Ill. App. 3d at 6, quoting 745 ILCS 10/2--201 (West 2002)), and section 2--109, which protects a local public entity from liability for "an 'injury resulting from an act or omission of its employee where the employee is not liable' " (Cross, 352 Ill. App. 3d at 6, quoting 745 ILCS 10/2--109 (West 2002)).

The appellate court agreed with the City and held that if--and only if--an employee's act of firing the plaintiff is a discretionary determination of policy, the employee is protected by section 2--201, and, as a result, the local public entity is protected by section 2--109. Because the plaintiff never denied that his firing was the result of a discretionary determination of policy, the court held that the City was immune under section 2--201. Cross, 352 Ill. App. 3d at 12-13.

As does plaintiff here, the plaintiff in Cross argued that Boyles foreclosed the defendant's claim of immunity under the Act. (Indeed, he relied chiefly on the same passage that plaintiff cites to us. Cross, 352 Ill. App. 3d at 10.) The appellate court disagreed. It noted first that, in Boyles, the supreme court was never asked to resolve whether section 2--201 of the Act applies to a claim of retaliatory discharge--or, if so, how it applies. Cross, 352 Ill. App. 3d at 11. The court then noted that section 2--201 of the Act applied only when an injury results from an employee's discretionary policy determination, and not when the employee's act is merely "ministerial." Cross, 352 Ill. App.

3d at 11. Thus, it concluded, when the supreme court stated that, "under appropriate circumstances," an employee may bring an action against a local public entity for compensatory damages (Boyles, 113 Ill. 2d at 555-56), it was "in all likelihood alluding to those circumstances that are not precluded under section 2--201, namely, where the firing was ministerial." Cross, 352 Ill. App. 3d at 11-12.

Although we do not disagree with the Cross court's analysis that, pursuant to section 2--109, a local public entity is immune to retaliatory discharge actions arising from employees' discretionary acts, we cannot agree that its immunity to such actions is limited to discretionary exercises of policy under section 2--201. Because the defendant in Cross never relied on Buckner, the Cross court never considered Buckner's conclusion that no employee was liable for retaliatory discharge. However, upon our consideration and application of Buckner, we depart from Cross's reading of Boyles. We cannot agree that Boyles preserves some retaliatory discharge actions from the effect of section 2--201 but holds that others are subject to it. Instead, as noted, we conclude that the Boyles court simply did not address whether, or how, the Act's affirmative defenses apply to an action seeking compensatory damages for retaliatory discharge. After deciding that section 2--102 of the Act provides immunity from punitive damages, the court considered only whether a cause of action for retaliatory discharge survives if the employee is covered by a collective-bargaining agreement. We doubt whether the supreme court wished to address in dicta an issue that it never certified. More important, we conclude that the court's statement that under appropriate circumstances, a cause of action for retaliatory discharge exists against a local public entity (Boyles, 113 Ill. 2d at 555) simply does not concern the scope of the affirmative defenses that the Act provides.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and O'MALLEY, JJ., concur.